## (January 24, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BULLOCK, Appellant. (Action No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BULLOCK, Appellant. (Action No. 2.)—Appeals from judgments of the County Court of Albany County, rendered July 20, 1978 and August 15, 1978, upon verdicts convicting defendants of the crime of robbery in the first degree. As a result of an incident which occurred on the night of January 23, 1978 wherein a quantity of currency was allegedly forcibly stolen from one Alice Brien while she was in her second floor apartment at 102 Dove Street in the City of Albany, defendants were indicted for the crimes of burglary in the first degree (Penal Law, § 140.30, subd 3), robbery in the first degree (Penal Law, § 160.15, subd 3) and robbery in the second degree (Penal Law, § 160.10, subd 1). At their subsequent joint trial, however, only two robbery counts were submitted to the jury, which ultimately found both defendants guilty of robbery in the first degree. Thereafter, defendant James Bullock was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 10 to 20 years, and defendant William Bullock was sentenced, as a persistent felony offender, to an indeterminate term of imprisonment of 20 years to life. Although defendants subsequently filed separate appeals, they present basically the same arguments in seeking relief from this court, and, accordingly, we will consider their appeals together. Initially, we find without merit the contention of defendants that the evidence at the trial was insufficient to support the convictions of robbery in the first degree. On this issue defendants' major premise is that the People failed to adequately prove that, in the commission of the robbery, the perpetrators thereof used or threatened the immediate use of a dangerous instrument (see Penal Law, § 160.15, subd 3). We reject this argument. The evidence indicates that Alice Brien began screaming when confronted by the robbers and that one of the latter, in an effort to silence her, told her to "shut up" while brandishing a knife for her to see. In our view this evidence was sufficient to establish the threatened use of a dangerous instrument, and the other elements of the subject crime were also adequately proven. Accordingly, defendants' convictions need not be overturned because of a lack of evidence. As for defendants' further complaints that the prosecution's summation denied them a fair trial and that their sentences were unduly harsh and excessive, these likewise are lacking in substance. Any improprieties in the summation were effectively cured by the trial court in its rulings on objections to the summation and in its charge to the jury (cf. *People v Jackson,* 30 AD2d 983, affd 28 NY2d 757), and no abuse of discretion has been shown as to the sentences, which were imposed in accordance with the pertinent statutory guidelines (cf. *People v Jordan,* 59 AD2d 626). Lastly, we have considered the *pro se* arguments of defendant James Bullock, and they are also without merit. Judgments affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.