■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANINE BETTS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 18, 1981, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree and one count of the crime of criminally using drug paraphernalia in the second degree. On May 16, 1980, Detective Sutton of the Albany Police Department applied for, and secured, a "no-knock" search warrant to search three named persons, "the basement apartment located at 12 Ash Grove Place, Albany", and "any other person or persons therein or thereat". The named persons, Mary Dean, Charles Gaddy and "Beany" (later identified as William Hazel), were believed to be engaged in selling heroin there. When the

search occurred, defendant Janine Betts, who had not been named in the warrant, was found seated on a bed in one of the apartment's bedrooms. After the detective ushered her into the kitchen, he and a fellow officer inspected the bedroom. They found two purses and a cigarette pack lying on the bed. One of the purses belonged to Betts and contained a small quantity of marihuana and a memo pad filled with what Sutton believed were notations of drug transactions. The cigarette pack contained six foil packets of cocaine. Also seized, from the top of the bedroom's television set, were several glassine bags, a brown pharmacist's vial, a playing card, and aluminum foil, materials customarily used to package cocaine and heroin in individual packets. A marihuana cigarette was found on the bedroom floor. Betts was then subjected to a body search, conducted by a police matron, during which a folded $20 bill containing cocaine was discovered. The search of the rest of the apartment uncovered, among other things, several glassine bags of heroin, a foil packet of marihuana and a loaded pistol. Hazel, one of the codefendants, had in his possession $665 in cash and a tinfoil packet of cocaine and heroin. Betts' motion to suppress the evidence seized from her purse and her person was denied and her conviction followed. The principal issue raised is the validity of the search warrant which neither named nor described defendant, but authorized the search of any unnamed persons encountered in the apartment. Defendant maintains that the presence of language authorizing the search of "any other person therein or thereat" creates an impermissible "open-ended" warrant which violates the Fourth Amendment requirement of particularity of description. We find the warrant unobjectionable. Warrants issued pursuant to CPL 690.15 (subd 2), as this one was, sanctioning examination of a particular place and directing "a search of any person present thereat or therein", are not unconstitutional per se (*People v Nieves,* 36 NY2d 396; see 2 La Fave, Search and Seizure, § 4.5, subd [e]). Unlike *Nieves,* this is an instance where the facts and circumstances justified an "any other person" search. Significantly, the premises involved, a basement apartment, were private and, therefore, less likely to contain innocent bystanders. Police surveillance, carried out over several days, corroborated in every detail information supplied by a reliable informant that the occupants were vigorously trafficking in drugs. From these facts, the magistrate who issued the warrant could reasonably infer that the apartment was the scene of ongoing illegal activity and that there was a substantial likelihood that anyone present was a participant (*People v Easterbrook,* 43 AD2d 719, affd 35 NY2d 913). Furthermore, the difficulty of specifying each of the individuals who might be in the apartment at any one time rendered this type of search necessary. With respect to the contention that the warrant was improper because Detective Sutton knew Betts had been seen at the apartment, but failed to describe her by name in the warrant, we find no proof in the record that the informant told Sutton of defendant's presence there prior to the application for the warrant. We have considered and reject defendant's other arguments regarding the sufficiency of the evidence and the sentence imposed. Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.