## (February 24, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HAZEL, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 17, 1981, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree and one count of the crime of criminally using drug paraphernalia in the second degree. On this appeal, defendant attacks the validity of a

search warrant used by Albany Police officers to enter and search an apartment in the City of Albany where defendant and others were found together with a quantity of drugs and drug paraphernalia. The warrant was issued on the basis of information from two undisclosed informants and the personal observations of a detective from the Albany Police Department. While only one of the informants was held to be reliable, his information coupled with the observations of the detective were sufficient to support the issuance of a warrant, and the two-pronged test of *Aguilar v Texas* (378 US 108) was satisfied (see, also, *People v Marshall,* 13 NY2d 28). Defendant and the other individuals present were jointly charged and tried together. Their convictions were recently affirmed by the court and a more detailed factual recitation may be found in *People v Betts* (90 AD2d 641, mot for lv to app den 58 NY2d 781; see, also, *People v Dean,* 91 AD2d 712). Defendant's further contention of insufficient evidence to support a conviction is also without merit. There is ample evidence to support the jury's verdict of defendant's involvement in a drug operation at the premises searched (Penal Law, § 220.25, subd 2; *People v Hines,* 62 AD2d 1067; *People v Robertson,* 61 AD2d 600, affd 48 NY2d 993; *People v Schriber,* 34 AD2d 852, affd 29 NY2d 780). Additionally, we find no evidentiary errors on the part of the Trial Judge, who was careful to give limiting instruction to the jury where required, and whose charge was fair and complete in all its phases. The Trial Judge's refusal to consider the informant as an accomplice, and charge the jury accordingly, was correct under the factual situation presented, since the informant was not a participant in the offenses charged (CPL 60.22, subd 2). Further, the prosecution's summation and the remarks contained therein were within permissible limits in response to comments made by defense counsel (see *People v Bullock,* 73 AD2d 1006; *People v Mackey,* 52 AD2d 662). Finally, under the circumstances, the sentence imposed was within statutory limits and cannot be held to an abuse of discretion (see *People v Miller,* 74 AD2d 961; *People v Finke,* 51 AD2d 1089). Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.