(March 11, 1986)

■ In the Matter of JAMES VINCENT, a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of Family Court, New York County (Bruce M. Kaplan, J.), entered January 11, 1985, adjudicating appellant a juvenile delinquent and placing him with the Division for Youth in a Title II facility for 12 months, unanimously reversed, on the law, the placement petition denied and the proceeding is dismissed, without costs.

The adjudication was grounded on a finding that appellant had allegedly committed an act which, if done by an adult, would have constituted attempted criminal possession of a firearm in the fourth degree. Police had stopped the livery cab and ordered the 15-year-old appellant and the three other passengers (two of whom were adults) out of the back seat. The police then seized a sawed-off rifle which was open to view in the back seat.

Simple possession of a firearm constitutes criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). However, inasmuch as appellant was not in physical possession of the rifle when he was arrested, possession was presumed because he was an occupant in the car at the time (Penal Law § 265.15 [3]). The Family Court's finding that appellant was guilty of attempted criminal possession of a weapon in the fourth degree is a contradiction in terms,

inasmuch as the underlying crime was based on a statutory presumption rather than on intent, and there can be no attempt to commit a crime in the absence of an intent to do so (Penal Law § 110.00; *People v Foster*, 19 NY2d 150, 152; *People v Hassin*, 48 AD2d 705).

The Corporation Counsel candidly concedes the fictitious nature of an attempt to commit a crime where intent has been replaced by a statutory presumption, and concurs that this charge should be dismissed, notwithstanding appellant's failure to object to the finding of attempted possession at the Family Court hearing. Concur—Murphy, P. J., Sandler, Fein, Milonas and Ellerin, JJ.