■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLOVER BARRONETTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered December 9, 1985, convicting her of criminal possession of marihuana in the first degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On January 8, 1985, Detective Frank Ellis received a telephonic communication from the Metro Dade (Florida) Police Department that a suspected drug courier, carrying a shipment of marihuana in her luggage, would be arriving at

Kennedy Airport on TWA flight No. 4 from Miami, Florida. The courier was described as a black female, approximately six feet tall, weighing 125 to 140 pounds, with braided hair, and wearing a pink top and dark pants. When flight No. 4 arrived at Kennedy Airport, a dog, trained to sniff out controlled substances, including marihuana, reacted in a positive manner to two suitcases that had been unloaded from the plane. The defendant concedes that the dog was reliable and had been utilized by the United States Customs Service for five years for the purpose of detecting the presence of controlled substances. The luggage was placed on the conveyer belt and allowed to enter the baggage claim area. Detective Ellis observed the defendant, who matched the description of the drug courier except for a four-inch discrepancy in height, and a black male, later identified as Talbert Thomas, pick up the two pieces of luggage that the dog had reacted to in a positive manner. After the defendant and Thomas exited the terminal, Detective Ellis and his partner placed them under arrest, conducted a patdown search of their persons, placed them in handcuffs and transported them to police building No. 269 at Kennedy Airport. At the police building, Detective Ellis read the defendant and Thomas their *Miranda* warnings and then asked each of them for permission to open the luggage. Thomas disclaimed ownership of the bags. The defendant also disclaimed ownership but refused to grant permission to open the luggage. Detective Ellis testified that after the defendant refused to consent to a search in response to 2 or 3 more requests, she replied: "these ain't my bags but you can open them". After consulting with an Assistant District Attorney by telephone, Detective Ellis made a warrantless search of the unlocked luggage and recovered a sizeable quantity of marihuana from both suitcases.

According to the defendant, a passenger named George, who was on the same flight, asked her to retrieve his luggage while he went to get his car. He described the luggage so that she would be able to locate it, but he did not give her the baggage claim tickets. The defendant stated that she never gave Detective Ellis permission to open the luggage because it was not her luggage.

Criminal Term denied the defendant's motion to suppress the warrantless seizure and search of the luggage as unreasonable under the US Constitution 4th Amendment and the NY Constitution, article I, § 12, on the ground she lacked standing to object. We agree. The defendant lacked standing to object to the search of the luggage because she did not have

a reasonable expectation of privacy in the contents of the luggage.

At best, giving credence to the defendant's story, she had the status of a gratuitous bailee. However, a legitimate expectation of privacy does not always arise out of a bailment relationship *(see, Rawlings v Kentucky,* 448 US 98). Here, George, the alleged owner of the suitcases, in effect delivered unlocked luggage to the defendant, a total stranger, for the purpose of transporting the luggage outside the terminal while he retrieved his car. The defendant accepted the luggage, cognizant that the ownership remained with George and that the bags were to be returned to him. It is noteworthy that George undertook no precautions to maintain privacy in the contents of the luggage. Based on such a precipitous bailment, it is clear that George, as the bailor, had no reasonable expectation of privacy in the contents of the luggage *(see, Rawlings v Kentucky, supra; United States v Rodriguez-Ramos,* 704 F2d 17, *cert denied* 463 US 1209; *cf. United States v Freire,* 710 F2d 1515, *reh denied* 717 F2d 1401, *cert denied* 465 US 1023). Under the instant circumstances, there is no factor that would support a finding that the defendant, as a gratuitous bailee, would have had an expectation of privacy in the contents of the luggage greater than that of the bailor. While the defendant had temporary custody of the luggage, which would give her a right of possession superior to that of third persons who did not exhibit a better right *(see generally,* 9 NY Jur 2d, Bailments and Chattel Leases, § 40, at 49-50); "legal possession of a seized good is not a proxy for determining whether the [possessor] had a Fourth Amendment interest" *(United States v Salvucci,* 448 US 83, 91). The United States Supreme Court recognized in *Salvucci* that "[l]egal possession of the seized good may be sufficient in some circumstances to entitle a defendant to seek the return of the seized property if the seizure, as opposed to the search, was illegal" *(United States v Salvucci, supra,* at p 91, n 6). In this case, the defendant's right of possession was sufficient to entitle her to object to the seizure of the luggage which interfered with that right, but was insufficient to give the defendant standing to object to the warrantless search of the luggage, the contents of which she had no reasonable expectation of privacy in.

The trained and reliable canine's positive reaction to the luggage in question, combined with the fact that the defendant picked up one of the suitcases and that she substantially matched the description of the suspected drug courier arriving at Kennedy Airport on flight No. 4 from Miami with a

shipment of marihuana provided probable cause to arrest her and to seize the luggage (see, People v Price, 54 NY2d 557). Since the seizure of the defendant and the luggage was based upon probable cause, and the defendant lacked standing to object to the search of the luggage, Criminal Term did not err in denying that branch of her motion which was to suppress the marihuana seized from the luggage. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur. [See, 129 Misc 2d 798.]