■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT GATLING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered July 19, 1985, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On March 22, 1984, the defendant, who was carrying two pillowcases, and a companion were walking quickly down a street in Brooklyn when they were noticed by a uniformed security guard. The guard was told by a passerby that the two men had just committed a robbery. As a result of that conversation, the guard grabbed the defendant and kept him at the street corner while the companion fled the scene. The guard held the defendant until he was able to flag down a passing police car and obtain assistance from one of the officers.

The officer asked the defendant to whom the pillowcases belonged, and the defendant replied they were the property of his brother, the man who had just run away. The officer then looked inside the pillowcases and found several items, including a television set and a typewriter. Subsequently, the officer seized the items and the defendant was later arrested and

charged with burglary, grand larceny and possession of stolen property.

Photographs of the recovered items were introduced at the defendant's trial. The defendant contends that the failure of the hearing court to suppress the recovered items was improper and that the actions of the private guard and the police officer violated his Fourth Amendment rights against unreasonable search and seizure. We disagree, and find that there is no basis for the suppression of the physical evidence seized.

The pillowcases were originally seized by the private guard, a civilian, and then turned over to the officer. An unauthorized search or seizure by a private individual does not render evidence inadmissible at subsequent civil or criminal proceedings. This is so because the Fourth Amendment is meant to regulate government activity, and the unauthorized act of a private person does not violate the constitutional limitations *(see, People v Jones,* 47 NY2d 528, 533; *People v Luciani,* 120 Misc 2d 826, 827).

In any event, the defendant stated that he was holding the pillowcases for his brother, making him a bailee of the pillowcases. It is clear that as a bailee, the defendant did not have standing to object to the search *(see, People v Barronette,* 123 AD2d 707, 708, *lv denied* 69 NY2d 743).

Finally, we have considered the actions of the prosecutor complained of by the defendant and find that under the circumstances any error caused by his conduct was harmless given the overwhelming nature of the evidence against the defendant and the prompt action taken by the trial court to remove any prejudicial effect of the complained-of actions *(see, People v Wood,* 66 NY2d 374, 380). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.