■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYMA HERNANDEZ, Also Known as REINA HERNANDEZ, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered December 17, 1987, convicting defendant, upon her guilty plea, of criminal possession of a controlled substance in the second degree and sentencing her to a term of imprisonment of from five years to life, unanimously affirmed.

Defendant and codefendant were caught bringing a kilogram of cocaine to New York from Miami. They were stopped after deplaning at LaGuardia Airport pursuant to a tip from a confidential informant and subsequent confirmatory observations by undercover officers. Although defendant and codefendant consented to a search of their carry-on bags, they both disclaimed ownership or interest in a black and tan folding bag bearing codefendant's name that defendant had pointed out and codefendant had taken from the conveyor belt. Permission was then obtained from the airline official to search the bag. Inside was a kilogram of cocaine wrapped in tape, a .357 magnum and ammunition hidden in a sock inside a shearing kit, and some women's clothes. A later inventory revealed defendant's telephone book and identification.

After a hearing, the court properly denied her motion to suppress the physical evidence *(see, People v Castro,* 137 Misc 2d 694). Because she declined ownership interest in the bag containing the contraband, she had no legitimate expectation of privacy in the property. *(Rakas v Illinois,* 439 US 128; *People v Wesley,* 73 NY2d 351, 355-356.) Defendant contends she has a possessory interest in the bag because it contained her clothing, telephone book and identification. However, mere placement of personal possessions inside the property of another, without more, does not give a legitimate expectation of privacy *(Rawlings v Kentucky,* 448 US 98; *People v Buckley,* 81 AD2d 511). Nor were there circumstances showing a particular relationship between the traveling companions or of any precautions taken by them in locking the bag which would indicate an expectation of privacy *(United States v Rodriguez-Ramos,* 704 F2d 17, 21, *cert denied* 463 US 1209).

Further, defendant had abandoned the bag by disclaiming ownership, and abandoned property is not protected against unreasonable search and seizures *(Abel v United States,* 362 US 217; *People v Pittman,* 14 NY2d 885). Abandonment is a question of intent shown with or without a verbal renunciation of ownership *(United States v Cowan,* 396 F2d 83, 87; *People v Bergerson,* 105 AD2d 867). Nor does police pursuit or the existence of a police investigation or questioning of itself render abandonment involuntary *(United States v Colbert,* 474 F2d 174, 176; *People v Chitty,* 40 Misc 2d 580, 581-582).

Defendant also contends that her sentence was excessive. However, because it was the result of a negotiated plea bargain, it should not be disturbed *(People v Francis,* 38 NY2d 150, 155-156). Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.