■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HUGHES, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 10, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

At approximately 3:30 A.M. on April 18, 1989, Officer Thomas Purtill and two other police officers arrived at the

Spring Valley Motor Lodge in Nanuet to investigate a larceny complaint. Upon driving his marked patrol car into the motel parking lot, and observing the defendant run into his motel room with a brown briefcase, Officer Purtill knocked on the defendant's door and asked the defendant why he had run. The defendant replied that he had been in his room all night. When the police officer stated that he had just seen the defendant run into the room with a brown briefcase, the defendant claimed that he never had one. Officer Purtill asked the defendant for his name and then left. The officer went around to the back of the building where he discovered a briefcase near the back door of the defendant's room. He returned to the front of the building and asked the defendant if the briefcase was his. When the defendant said that it wasn't, Officer Purtill brought the briefcase over to his patrol car where he opened it, finding drug paraphernalia and a cleaning ticket with the defendant's name and telephone number on it. The defendant was thereupon arrested, and a subsequent search of him at the police station uncovered a plastic vial containing a granular substance in the defendant's right sock. In addition, after an interview with another police officer, the defendant asked, "Now can I have my attache case back?"

The defendant claims that his seizure began at the time Officer Purtill first knocked on his door, that it was not based on probable cause, and that the evidence recovered pursuant to this illegal seizure, as well as his statement, should have been suppressed. We disagree.

In determining whether a defendant is in custody, the court must consider " 'what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position' " (People v Hicks, 68 NY2d 234, 240; People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). In the present case, the defendant could not have reasonably believed that he was under arrest prior to the time that the contents of the briefcase were discovered. Since there was probable cause for the arrest after that discovery, the evidence uncovered at the police station and the statements attributed to the defendant were also admissible as the fruits of the lawful arrest.

We also disagree with the defendant's claim that Officer Purtill lacked justification to pursue him to his motel room in the first instance. It is well established that, in the absence of any indication of criminality, a police officer may stop a citizen on the street for the purpose of inquiry if he or she can point to articulable facts which warrant the intrusion (see,

*People v De Bour*, 40 NY2d 210; *see also, People v Bloomfield*, 156 AD2d 572; *People v Harris*, 151 AD2d 777; *People v Tolliver*, 145 AD2d 660; *People v Smith*, 117 AD2d 690). In this case, Officer Purtill had an objective, credible reason to approach the defendant, and his action of knocking on the door of the defendant's motel room for the purpose of inquiry was lawful *(see, People v De Bour, supra)*. Where the initial approach constitutes legitimate and lawful conduct, the recovery of property discarded by the defendant as a result of that approach is also lawful *(see, People v Leung*, 68 NY2d 734; *People v Perez*, 154 AD2d 406).

In any event, even if we were to assume that the officer's pursuit was somehow improper, by his abandonment of the briefcase the defendant relinquished any expectation of privacy he may have had in the property *(see, People v Boodle*, 47 NY2d 398, *cert denied* 444 US 969; *People v Hernandez*, 162 AD2d 417). Not only did the defendant expressly disclaim ownership of the briefcase *(see, People v Hernandez, supra)*, he also chose to place the briefcase outside his back door in a common area of the motor lodge. This case is, thus, distinguishable from those cases where a defendant's relinquishment of control over property is a spontaneous reaction to illegal police pursuit *(see, People v Howard*, 50 NY2d 583, *cert denied* 449 US 1023; *People v Bennett*, 170 AD2d 516; *People v Terracciano*, 135 AD2d 849). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.