■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DENNIS, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Dutchess County (Hillery, J.), rendered February 27, 1990, convicting him of burglary in the first degree (two counts), rape in the first degree, sodomy in the first degree and criminal contempt in the second degree under Indictment No. 27/87, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered May 4, 1990, revoking a sentence of probation previously imposed upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprison-

ment upon his previous conviction of sexual abuse in the first degree under S.C.I. No. 138/88.

Ordered that the judgment is affirmed; and it is further,

Ordered that the amended judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision that the term of imprisonment is to run consecutively with "any term [the defendant is] presently serving", and substituting therefor a provision that the terms of imprisonment run concurrently with each other; as so modified, the amended judgment is affirmed.

The defendant's contention that there was a *Rosario* violation *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 886) is without merit. Although one of the investigating detectives destroyed his original notes which he used to prepare an investigative report, he did not testify at trial *(see,* CPL 240.45 [1] [a]; *People v Rosario, supra).* Similarly, there was no showing of a *Rosario* violation with respect to the complainant's testimony because there was no indication that she made any notes relating to the subject matter of her testimony *(see,* CPL 240.45 [1] [a]).

We find the sentences imposed were excessive to the extent indicated.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.