OPINION OF THE COURT
Joseph A. Grosso, J.
The defendant is charged with attempted criminal posses *580 sion of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [1]). He moves for an order dismissing the accusatory instrument contending that there is no such crime under the circumstances of present in this case. The motion is decided as follows:
STATEMENT OF FACTS
The defendant was arrested on December 4, 1991 and charged in a felony complaint with violating Penal Law § 265.02 (4) and Penal Law § 265.01 (1), the People alleging that the defendant possessed a loaded .22 caliber handgun on his person. The defendant was released in his own recognizance at arraignment and the case was adjourned to January 8, 1992 for Grand Jury action. On January 8, 1992, the People were in possession of a ballistics report which indicated that the firearm was inoperable due to a defective spring. However, rather than follow the traditional course and dismiss the charges, the District Attorney, in the exercise of prosecutorial discretion, sought to maintain the prosecution of an attempt to possess a weapon, albeit, an inoperable firearm. Upon the prosecutor’s application, I conducted an inquiry pursuant to CPL 180.50 (1) to determine what facts were available to the People to provide a basis for the misdemeanor charge of Penal Law §§ 110.00, 265.01 and whether, on these available facts, this misdemeanor charge would be appropriate. The facts available to the prosecutor were, in sum, that the weapon was loaded with live cartridges but inoperable, and that the defendant is alleged to have made two statements: one admitting possession of the gun; the other stating that the defendant had the gun for his protection. Based on these facts, I dismissed the felony charge of Penal Law § 265.02 (4) and the completed misdemeanor charge of Penal Law § 265.01 (1) and permitted the prosecutor to add the charge of Penal Law §§ 110.00, 265.01 (1) to the docket. I granted leave to the People to redraft the accusatory instrument reflecting this charge over the defendant’s oral objection with leave to the defendant to renew his objections to the procedural reduction of the felony charges and the validity of the prosecution for the remaining substantive count. (The prosecutor filed a new affidavit and a certificate of readiness for trial on March 6, 1992. The new affidavit incorporates the facts presented to me at the January 8, 1992 inquiry. I will deem the defendant’s motion as one to dismiss the underlying "reduced” felony complaint and the resultant superseding affidavit.)
*581 ISSUES & DISCUSSION
The defendant contends that the reduction of Penal Law § 265.02 (4) to Penal Law §§ 110.00, 265.01 (1) was improper contending that the latter charge is not a lesser included offense of the former. I conclude that this contention is without merit.
CPL 180.50, dealing with the reduction of charges contained in a felony complaint, has no requirement that the reduced charge be a lesser included offense of the greater felony charge. Rather, what CPL 180.50 requires is a reasonable cause determination of what nonfelony offense should be charged in the "reduced” accusatory instrument based upon the factual allegations in the original felony complaint and any supporting depositions filed in connection with the felony complaint.
Here, the factual allegations in the original felony complaint and the accompanying ballistics report establish, as a matter of pleading, that the defendant was in actual possession of an object which meets all the statutory requirements for a loaded firearm pursuant to Penal Law § 265.00 (15) save one — it is inoperable. Thus, I conclude a "reasonable cause” basis exists to satisfy the reduction mandates of CPL 180.50 and that the reduction of this felony complaint was proper if, and only if, there is such a crime as an attempt to possess a firearm which is inoperable (Penal Law §§ 110.00, 265.01 [1]).
Under article 110 of the Penal Law, a person is guilty of an attempt to commit a crime when he/she engages in conduct which tends to effect the commission of the crime. It is no defense that the crime attempted was under the circumstances factually or legally impossible if the crime could have been committed had the attendant circumstances been as such person believed them to be (Penal Law §§ 110.00, 110.10). Thus, for there to be an attempt to commit a crime, two elements must be established: First, it must be shown that the defendant acted with a specific intent, that is, that he/she intended to commit a specified crime. Second, it must be shown that the defendant acted to carry out his intent and that such actions carried the criminal project forward in proximity to the criminal end (see, People v Bracey, 41 NY2d 296 [1977]; People v Coleman, 74 NY2d 381 [1989]). The very essence of a criminal attempt is the defendant’s intention to cause a proscribed criminal result. There can be no attempted crime where the result caused by the defendant’s conduct is *582 wholly unintended. As such, there can be no attempt to commit a crime where the culpable mental state is one of recklessness or criminal negligence or where the law imposes criminal liability based on ultimate result of the criminal enterprise regardless of whether the actor intended that result or not (e.g., felony assault [Penal Law § 120.05 (6)] or felony murder [Penal Law § 125.25 (3)]).
Penal Law § 265.01 (1) has been held to be a crime of such liability for which no scienter need be alleged for a jurisdictionally sufficient pleading (see, e.g., People v Simon, 148 Misc 2d 845 [Crim Ct, Bronx County 1990]). Thus, the fulcrum of this decision is whether there can be an attempt to possess one of the enumerated per se weapons listed in Penal Law § 265.01 (1), for which no specific intent is required. My analysis leads me to conclude that it is possible to attempt to possess one of the proscribed weapons in Penal Law § 265.01 (1), where that weapon is inoperable or otherwise not within applicable statutory definitions for such weapons under the following circumstances: (1) there must be actual possession of the weapon (see, Matter of Vincent, 118 AD2d 429 [1st Dept 1986]); (2) the attendant facts and circumstances must demonstrate that the defendant had an intent to possess a proscribed weapon. This element may be established by statements attributed to the defendant or a course of conduct alleged to have been engaged in by the defendant or other available physical evidence.
Turning to the facts of this case, I hold that the factual allegations in the original "reduced” felony complaint and the superseding misdemeanor affidavit plus the ballistics report establish a prima facie case of an attempt to possess a weapon. As a matter of pleading, the factual allegations permit the reasonable inference to be drawn that the defendant intended to possess a firearm which was operable. In my opinion, the crucial element to support this intent was the presence of live bullets in the chamber of the gun. This intent was amplified in the superseding affidavit which incorporated the defendant’s statements. It is illogical to believe that an individual would put live bullets in a weapon which would not operate to discharge those bullets. The fact that the firearm was not operable does not make the prosecution for its attempted possession a legal or factual impossibility.
Accordingly, the pleadings in this case are sufficient to create a set of facts indicating an intent to possess an operable firearm which failed only due to the weapon’s inoperability. *583 To the extent that other facts are available to the defendant to negate the intent alleged in the pleadings these facts are to be presented at a trial of this matter rather than in a motion to test any further the sufficiency of the pleadings.
CONCLUSION
For the reasons stated herein, the defendant’s motion to dismiss the accusatory instrument is denied. Those branches of the defendant’s motion seeking orders suppressing physical evidence and statements are granted to the extent that hearings to determine the admissibility of the physical evidence and statements are ordered.