OPINION OF THE COURT
Joseph A. Grosso, J.
The defendant, a 16-year-old high school student, is charged with attempted possession of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [1]). He moves for an order *993 dismissing the accusatory instrument as defective contending that there is no such crime as an attempt to possess a weapon under the circumstances of the case or, alternatively, that the reduction of the felony charges pursuant to CPL 180.50 was improper since the crime alleged in the superseding affidavit is not a proper lesser included offense of the crime charged in the original felony complaint. The defendant’s motion is decided as follows:
Statement of Facts
The defendant was arrested for an incident alleged to have occurred on January 17, 1992 inside Morris High School here in the Bronx. The defendant is alleged to have had an altercation with a teacher and during the course of this encounter is alleged to have said to the teacher, "I’m going to snuff you and you’re going to leave here in a body bag.” A .25 caliber automatic revolver is alleged to have been recovered from the defendant’s person when the altercation subsided. The defendant was arrested and charged with Penal Law § 265.02 (3) and (4), Penal Law § 265.01 (1) and menacing (Penal Law § 120.15) and arraigned on the felony charges on January 17, 1992. Bail was set and the case was adjourned to January 23, 1992, the CPL 180.80 day. On this date, the prosecutor moved to reduce the felony charges pursuant to CPL 180.50. I conducted the mandated inquiry to determine what facts were available to provide a basis for a misdemeanor prosecution. At the conclusion of the inquiry I held that the facts, in summary, a loaded but inoperable gun, could sustain a prosecution for attempted possession of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [1]) under the circumstances of the case. I granted leave to the prosecutor to redraft a misdemeanor accusatory instrument with leave to defense counsel to challenge the propriety of the reduction and the legal sufficiency of the misdemeanor charge. The prosecutor filed a superseding affidavit on or about March 17, 1992 alleging in sum that the defendant possessed a defaced loaded but inoperable .25 caliber automatic revolver. Threats alleged to have been made to the complainant were incorporated into the affidavit.
Issues and Discussion
As I previously held in People v Todd (153 Misc 2d 579), when a reduction of felony charges is effected pursuant to CPL *994 180.50, the reduced misdemeanor charges need not be lesser included offenses of the original felony charges. Rather, CPL 180.50 requires a determination based on the factual allegations in the original felony complaint and any supporting depositions filed in connection therewith of the appropriate misdemeanor charge or charges to be contained in the "reduced” accusatory instrument. Thus the reduction of the charges in this case is appropriate if there is such a crime as an attempt to possess a firearm which is inoperable.
It is well settled that in order for an object to be a firearm under Penal Law article 265, it must be operable (see, e.g., People v Hechavarria, 158 AD2d 423 [1st Dept 1990]; People v Lugo, 161 AD2d 122 [1st Dept 1990]). The defendant contends that since the object is inoperable, it can never be a firearm and, therefore, it cannot be a crime to attempt its possession. I disagree with this contention. Under article 110 of the Penal Law, it is no defense that the crime attempted was, under the circumstances, factually or legally impossible if the crime could have been committed if the attendant circumstances had been as the actor believed them to be (Penal Law §§ 110.00, 110.10). Thus, for there to be an attempt to commit a crime, two elements must be established: First, it must be shown that the defendant acted with a specific intent, that is, that he/she intended to commit a specified crime. Second, it must be shown that the defendant acted to carry out his/her intent and that such actions carried the criminal project forward to the intended criminal end (see, People v Bracey, 41 NY2d 296 [1977]; People v Coleman, 74 NY2d 381 [1989]). The very essence of a criminal attempt is the defendant’s intention to cause a proscribed criminal result. There can be no attempted crime where the result caused by the defendant’s conduct is wholly unintended. As such, there can be no attempt to commit a crime where the culpable mental state is one of recklessness of criminal negligence or where the law imposes criminal liability based on the ultimate result of the criminal enterprise regardless of whether the actor intended that result or not (e.g., felony assault [Penal Law § 120.05 (6)] or felony murder [Penal Law § 125.25 (3)]). Thus, courts have held that it is possible to be convicted of an attempt to possess a controlled substance where in fact the substance is not a controlled substance when an intent to possess the contraband is established from the surrounding circumstances (see, People v Duprey, 98 AD2d 110 [1st Dept 1983]; People v Culligan, 79 AD2d 875 [4th Dept 1980]). I see no logical reason why this *995 rationale should not be extended to firearms which prove to be inoperable.
In People v Todd (supra), I held that for a facially sufficient pleading of an attempt to possess a firearm which proves to be inoperable, the People had to allege actual possession of the firearm and allege facts and/or circumstances from which an intent to possess a proscribed weapon could be inferred. In this case, the defendant is alleged to have possessed a loaded and defaced .25 caliber pistol that showed evidence of discharge but which was inoperable due to a weak firing pin. These facts, coupled with the statements attributed to the defendant are, in my opinion, sufficient to give rise to the inference that the defendant intended to possess a firearm which was operable. Thus, the charge of an attempt to possess this object is facially sufficient.
Accordingly, and for the reasons stated herein, the defendant’s motion to dismiss the accusatory instrument is denied.
That portion of the defendant’s motion for an order suppressing physical evidence is granted to the extent that a hearing is ordered.