■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL MARTINEZ ACOSTA, Appellant. [603 NYS2d 569] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 27, 1990, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and attempted criminal possession of a weapon in the third degree (38 counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On March 29, 1989, two parcels marked "C.O.D." and addressed to the defendant arrived at the United Parcel Service (hereinafter UPS) facility located at 51st Street and 1st Avenue in Brooklyn. During handling by UPS employees, one of the parcels fell and broke open, revealing a number of handguns and ammunition. The defendant made a number of attempts to pick up the parcels that day, but was denied access to his parcels by the UPS manager, who was waiting for a Federal firearms agent to arrive. The defendant never returned to the UPS facility to physically take the parcels into his possession, even after stating on two occasions by telephone that he would in fact return. On March 31, 1989, UPS turned the parcels over to the New York City police, who opened both parcels. On April 8, 1989, the defendant was arrested for attempting to purchase firearms. A subsequent search of his person uncovered a quantity of heroin and cocaine.

On appeal, the defendant contends that the crime of "attempted criminal possession of a weapon" is a legal fiction and that he was, therefore, unlawfully arrested for a nonexistent crime. We disagree. Where, as here, the possession of the

weapons would be an intentional and knowing one (see, Penal Law § 265.02 [4]; see also, People v Ford, 66 NY2d 428, 440) rather than one based on statutory presumption (see, Penal Law § 265.15), an attempt to commit possession is not a legal impossibility (see, Penal Law § 110.10; People v Campbell, 72 NY2d 602, 605; People v Todd, 153 Misc 2d 579; cf., Matter of Vincent, 118 AD2d 429). Moreover, the defendant's conduct clearly rose to the level of an "attempt" (see, People v Acosta, 80 NY2d 665), and there is no evidence to support his claim of renunciation (see, Penal Law § 40.10; People v Taylor, 80 NY2d 1).

The defendant's argument that the search of the parcels was improper is also without merit. One parcel broke open while being handled by UPS employees, and it was the UPS employees who displayed the box and the guns to the police. The search of the parcel by the UPS workers did not violate the Fourth Amendment (see, People v Gatling, 133 AD2d 465, 466), and the subsequent search by the police was, therefore, proper because it "intruded upon no privacy interest not already invaded by the private party" (People v Adler, 50 NY2d 730, 738, cert denied 449 US 1014). The search of the second parcel, abandoned by the defendant, was also proper.

Upon discovery of the guns and the fact that the defendant did not have a valid license for them, the police had probable cause to arrest the defendant (see, CPL 140.10 [1] [b]). The delay of a few days before the arrest of the defendant did not make the warrantless arrest unlawful (see, People v Hoff, 110 AD2d 782). Thompson, J. P., Balletta, Miller and Joy, JJ., concur.