■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN ANTHONY ALVARANGA, Appellant. [603 NYS2d 568] — Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered June 11, 1990, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the hearing court that the defendant had no standing to seek suppression of the narcotics discovered during a search of the bag which he was carrying. The hearing testimony demonstrated that the defendant repeatedly in-

sisted that the bag did not belong to him, that he did not know what it contained, and that he was merely transporting its contents from New York City to Poughkeepsie for someone else. Moreover, the bag was not sealed in any manner, nor did the defendant seek to exclude others from access to it. Under these circumstances, the defendant failed to establish a personal legitimate expectation of privacy in the property (see, People v Whitfield, 81 NY2d 904; People v Hernandez, 162 AD2d 417; People v Gatling, 133 AD2d 465; People v Barronette, 123 AD2d 707; United States v Torres, 949 F2d 606).

In any event, were we to reach the defendant's contentions regarding the propriety of the police conduct and the validity of the defendant's consent to search the bag, we would find them to be without merit. The brief inquiry conducted by the police investigator was supported by an adequate factual predicate (see, People v Hollman, 79 NY2d 181) and there was ample evidence from which the hearing court could properly conclude that the defendant was not in custody at the time he voluntarily accompanied the investigator off the train (see generally, People v Hicks, 68 NY2d 234; People v Yukl, 25 NY2d 585, cert denied 400 US 851). Similarly, we discern no error in the hearing court's determination that, under the totality of the circumstances presented (see, People v Gonzalez, 39 NY2d 122), the defendant's consent to the search was voluntary (see, People v Meredith, 49 NY2d 1038), even if it was part of a calculated strategy by the defendant to disassociate himself from the narcotics (see, People v Maldonado, 184 AD2d 531).

The defendant's claim that the hearing court erred in failing to impose a sanction for a purported Rosario violation is not preserved for appellate review, inasmuch as he did not raise or pursue any Rosario claim at the hearing nor did he request any type of sanction (see, e.g., People v Rogelio, 79 NY2d 843; People v Rivera, 78 NY2d 901; People v Sheppard, 185 AD2d 904; People v West, 184 AD2d 743). In any event, the contention is patently without merit. The defendant failed to establish on the record that the alleged Rosario material actually existed, and the hearing testimony in fact demonstrated that neither prosecution witness prepared any notes with respect to the case (see, People v Dennis, 176 AD2d 956; see also, CPL 240.44 [1]; People v Love, 187 AD2d 1030; People v Alejandro, 175 AD2d 873). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.