■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD SAUNDERS, Respondent. [606 NYS2d 744] —Appeal by the People from an order of the Supreme Court, Kings County (Brill, J.), dated September 23, 1992, which granted the defen-

dant's motion to dismiss the indictment charging him with attempted criminal possession of a weapon in the third degree.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the indictment.

On December 30, 1991, the defendant was found unconscious by the police on a couch in his apartment. A loaded revolver was found on the coffee table next to the couch. Shortly thereafter, the defendant was taken to Kings County Hospital. While at the hospital, the defendant asked a police officer if the gun had been found. When the officer answered in the affirmative, the defendant expressed his regrets, stating that "I wanted to kill the * * * D.A." A ballistics test revealed that the gun was inoperable.

The defendant, having previously been convicted of a crime, was charged with attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]).

The defendant contends that the indictment was properly dismissed because attempted criminal possession of a weapon is a nonexistent crime. We disagree. Where, as here, the possession of the weapon would have been an intentional and knowing one rather than one based on a statutory presumption (see, Penal Law § 265.15) an attempt to commit criminal possession of a weapon is not a legal impossibility (see, Penal Law § 110.10; *People v Acosta,* 198 AD2d 285). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.