■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOLMES, Appellant. [614 NYS2d 474] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (Keegan, J.), rendered March 5, 1993, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

On January 8, 1992, a search warrant was issued authorizing the search of apartment number 3, Middleburgh Street, second floor, in the City of Troy, Rensselaer County, a person named Terry Cannon and "any other person therein or thereat

to whom such property described above may have been transferred or delivered to also any other area the residents may have custody or control of including but not limited to the attic". As the police entered the building to execute the warrant, they encountered defendant walking down a common interior stairwell, approximately four or five steps down from the second floor landing. The police officers escorted him into the subject apartment, searched a waist pouch he was carrying and seized 13 individual packages later determined to be cocaine. Approximately one half of an ounce of cocaine was found inside the apartment.

Defendant's motions for a suppression hearing were denied by County Court (Dwyer, Jr., J.) on the basis that he had no standing to challenge the search warrant. At trial, County Court dismissed the second count of the indictment after determining that the evidence was insufficient to show that defendant constructively possessed the cocaine found in the subject apartment. Defendant was, however, convicted on the first count of the indictment charging him with criminal possession of a controlled substance in the third degree, a class B felony. On appeal, defendant contends, *inter alia,* that his arrest was unlawful and that County Court erred in refusing to hold a suppression hearing..

A review of the record reveals that not only does defendant have standing to challenge the search of his person *(see, People v Moore,* 186 AD2d 591; *People v Marte,* 149 AD2d 335), but also that an evidentiary suppression hearing should have been held due to the existence of contested factual issues *(see, People v Perrin,* 201 AD2d 853). Although defendant's motion papers are not part of the record before us, the transcript of the oral argument before County Court is available for our review. Based thereon, we cannot determine, as a matter of law, that defendant's denial of knowledge of the contents of the waist pouch worn when the police found him on the stairway could be deemed an abandonment by defendant sufficient to make the pouch eligible for search *(see, People v Alvaranga,* 198 AD2d 286, *lv granted* 83 NY2d 802; *People v Hughes,* 174 AD2d 692, *lv denied* 78 NY2d 967; *People v Hernandez,* 162 AD2d 417, *lv denied* 76 NY2d 893). We find that defendant's counsel appropriately raised the necessary constitutional issues and sufficiently asserted the expectation of privacy to require the court to have conducted a hearing *(see, People v Cole,* 187 AD2d 873). "[T]he mere existence of a warrant does not justify the search of any person seen casually leaving the premises prior to the execution of the war-

rant" *(People v Green,* 33 NY2d 496, 500, n 2). A hearing is critically necessary to resolve issues concerning whether defendant was within the area and class of people authorized to be searched *(see, People v Easterbrook,* 35 NY2d 913, *cert denied* 421 US 965) and/or whether probable cause existed for his arrest *(see, People v Rodriguez,* 69 NY2d 159).

Accordingly, all other issues raised herein will not be determined until the issues regarding suppression have been determined so as to permit effective review.

Mercure, J. P., White, Casey and Weiss, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Rensselaer County for a hearing and determination of defendant's suppression motion.