(August 31, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOLMES, Appellant. [632 NYS2d 490] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (Keegan, J.), rendered March 5, 1993, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

In a prior decision (206 AD2d 604), we remitted this matter to County Court for a hearing and determination with respect to the issues raised in defendant's suppression motion. As a result of such hearing, County Court held that the police conduct in obtaining the warrant was reasonable and that defendant was within the area and class of individuals authorized to be searched pursuant to the terms thereof. It accordingly denied the motion to suppress.

We agree with such determination. The conduct of the police officers executing the warrant was reasonable in light of the criminal activity afoot (see, People v Easterbrook, 35 NY2d 913, cert denied 421 US 965) and the language of the warrant (see generally, People v Betts, 90 AD2d 641; cf., People v Green, 33 NY2d 496).

Similarly unavailing is defendant's contention that the sentence imposed was harsh and excessive and that the presentence report was prejudicial. We find the presentence report to accurately reflect that defendant had extensive experience in the criminal justice system and was paroled less than two years before the instant offense. As to the sentence, clearly falling within the statutory parameters, we find no extraordinary circumstances to warrant a modification in the interest of justice.

We have reviewed all other substantive issues raised and find them to be without merit.

Mercure, J. P., White and Casey, JJ., concur. Ordered that the judgment is affirmed.