■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN DOE, Also Known as KIPP WILLIAMS, Respondent. [653 NYS2d 701] —Appeal by the People from an order of the Supreme Court, Queens County (Kohm, J.), dated June 8, 1995, which granted the defendant's motion to suppress physical evidence.

Ordered that the order is reversed, on the law, the defendant's motion is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

On December 2, 1994, at approximately 11:07 P.M., Police Officer Neil Nappi observed the defendant and another individual standing behind a car that had no license plates and with

its trunk open in a vacant lot. As the officer approached to make an inquiry, the defendant quickly closed the trunk of the car, and reached toward his rear waistband, which prompted the officer to stop and frisk the defendant. The officer recovered a set of keys from the defendant's hand, one of which appeared to be a car key. After the defendant and his companion stated that the car was not theirs, the officer used the car key to open the trunk of the car where he recovered numerous vials of crack-cocaine and marijuana. The defendant was then arrested and charged with two counts of criminal possession of a controlled substance in the third degree and one count of unlawful possession of marijuana.

In its decision granting the defendant's motion to suppress, the suppression court initially determined that the stop and frisk of the defendant and the seizure of keys from the defendant were proper. Nevertheless, the court suppressed the drugs on the grounds that the use by the police of the car key to open the trunk of the car was improper, and the defendant had standing to contest the search of the car by virtue of his "standing by and then shutting the trunk and handling the keys". The People appeal from this determination and we reverse.

Contrary to the suppression court's ruling, the placing of the car key into the lock of the trunk of the car was the initial phase of the search of the car. Moreover, under the circumstances, including the defendant's express disavowal of ownership of the car, the suppression court erred in holding that the defendant had standing to contest the search of the car (*see, People v Wesley,* 73 NY2d 351; *People v Hernandez,* 162 AD2d 417; *People v Alvaranga,* 198 AD2d 286, *affd* 84 NY2d 985). Accordingly, the order is reversed and the defendant's motion to suppress is denied. Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.