■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND THOMPSON, Appellant. [658 NYS2d 350] —Appeal by the

defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered April 18, 1994, as amended May 31, 1995, convicting him of attempted criminal possession of a weapon in the third degree (two counts), driving with a defective taillight in violation of Vehicle and Traffic Law § 375 (2), making an improper turn in violation of Vehicle and Traffic Law § 1163 (b), and failure to wear a safety belt in violation of Vehicle and Traffic Law § 1229-c (3), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions for attempted criminal possession of a weapon in the third degree (two counts), and vacating the sentences imposed thereon; as so modified, the judgment is affirmed.

The defendant was charged, *inter alia,* with two counts of criminal possession of a weapon in the third degree. These charges were premised on the presumption set forth in Penal Law § 265.15 (3), rather than on the allegation that the defendant intentionally exercised actual physical control over the weapon which he allegedly possessed. At trial the People requested that the court consider the lesser-included charge of attempted criminal possession of a weapon in the third degree. The court, *inter alia,* found the defendant guilty of attempted criminal possession of a weapon in the third degree.

It is impossible to attempt to commit the crime of criminal possession of a weapon in the third degree based, as in this case, on a mental state which is presumed by operation of law (*see, Matter of Vincent,* 118 AD2d 429; *cf., People v Acosta,* 198 AD2d 285; *People v Saunders,* 200 AD2d 640, *affd* 85 NY2d 339). The defendant's convictions on these two counts, after a trial, "presents error fundamental to 'the organization of the court or the mode of proceedings proscribed by law' that cannot be waived" (*People v Martinez,* 81 NY2d 810, 812, quoting *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197; *see also, People v Perez,* 218 AD2d 754; *People v Miller,* 201 AD2d 109, *revd on other grounds* 87 NY2d 211). Accordingly, the defendant's conviction for these crimes must be reversed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the violations of the Vehicle and Traffic Law for which he was convicted beyond a reasonable doubt.

The defendant's remaining contention is without merit (*see,*

*People v McCoy,* 239 AD2d 437). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.