THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL B. WASHINGTON, Appellant. [829 NYS2d 356]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 25, 2003. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]), criminal possession of a weapon in the second degree (former § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). The verdict finding defendant guilty of manslaughter in the first degree and rejecting his justification defense is not against the weight of the evidence (*see People v Williams*, 291 AD2d 897, 898 [2002], *lv denied* 97 NY2d 763 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, Supreme Court properly refused to suppress items of physical evidence seized from the vehicle in which defendant had been a passenger, defendant's statement to a police officer and the identification of defendant by a witness resulting from a showup identification procedure. Defendant was a mere passenger in the vehicle and thus lacked standing to challenge the seizure of items of physical evidence from it (*see People v White*, 232 AD2d 437, 438 [1996], *lv denied* 89 NY2d 947 [1997]), and the seizure of those items was not the result of the allegedly illegal detention of defendant, who was outside the parked vehicle when the police officer approached and detained him (*see People v Laws*, 208 AD2d 317, 322 [1995]). In any event, the police officer had reasonable suspicion to conduct an investigatory detention of defendant and defendant's spontaneous statement was therefore admissible (*see People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]), as was the identification of the witness resulting from the showup identification procedure (*see People v Ramos*, 34 AD3d 1363 [2006]).

Also contrary to defendant's contention, the court properly instructed the jury with respect to the defense of justification (*cf. People v Castro*, 131 AD2d 771, 773-774 [1987]). Defendant

failed to preserve for our review his further contention that the court erred in allowing deliberations to continue after the jury asked a court deputy to demonstrate the sound made by a weapon found at the crime scene and the court deputy agreed to do so (*see* CPL 470.05 [2]; *People v Kelly*, 5 NY3d 116, 119-120 [2005]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The court did not abuse its discretion in refusing to admit in evidence the victim's certificates of conviction (*see generally People v Miller*, 39 NY2d 543, 548-553 [1976]; *People v Santiago*, 211 AD2d 734 [1995], *lv denied* 85 NY2d 942 [1995]). Contrary to defendant's further contention, the record establishes that the People complied with CPL 200.60 (3) (a) in connection with the charge of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.