■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD L. DUPREE, Appellant. [842 NYS2d 630]—

Appeal from a judgment of the Chautauqua County Court (Ronald H. Tills, A.J.), rendered October 18, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]), defendant contends that County Court erred in refusing to suppress the cocaine seized from a bag found in the bed of the pickup truck in which he was a pas-

senger. As the People correctly contend, defendant lacks standing to challenge the search of the bag inasmuch as he failed to meet his burden of establishing that he had "a legitimate expectation of privacy in the . . . object searched" (*People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]). Indeed, defendant disavowed ownership of the bag and thus will not be heard to contend that he had any legitimate expectation of privacy with respect to it (*see People v Doe*, 236 AD2d 621, 622 [1997], *lv denied* 89 NY2d 1091 [1997]; *see generally Ramirez-Portoreal*, 88 NY2d at 108-109). Finally, we have considered the remaining contentions raised by defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.