# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1328**

**KA 12-01722**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

DERICK W. BARKER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 2, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that County Court erred in denying his motion to suppress certain items of physical evidence. We reject that contention. The record supports the court's determination that the rental period of the hotel room in which the items were found had expired prior to the search by the police, and we thus conclude that "defendant lost his reasonable expectation of privacy in the hotel room and its contents, and the general manager of the hotel had the authority to consent to the search" (*People v D'Antuono*, 306 AD2d 890, 890, *lv denied* 100 NY2d 593, *reconsideration denied* 100 NY2d 641, *cert denied* 541 US 994, *reh denied* 541 US 1083; *see People v Kozba*, 66 AD3d 1387, 1388, *lv denied* 13 NY3d 939; *People v Rodriguez*, 104 AD2d 832, 833-834; *see generally People v Prochilo*, 41 NY2d 759, 761). The court also properly determined that defendant abandoned any reasonable or legitimate expectation of privacy in a backpack that was located in the hotel room, by virtue of both his flight (*see People v Gonzalez*, 25 AD3d 620, 621, *lv denied* 6 NY3d 833), and his disavowal of ownership of that backpack (*see People v DuPree*, 43 AD3d 1314, 1315). Finally, the sentence is not unduly harsh or severe.

Entered:  January 3, 2014                          Frances E. Cafarell
                                                    Clerk of the Court