People v Cooper (2025 NY Slip Op 01742)

People v Cooper

2025 NY Slip Op 01742

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

172 KA 21-01644

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DESEAN COOPER, ALSO KNOWN AS CORDELLE COOPER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered October 22, 2021. The judgment convicted defendant upon a guilty plea of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]), defendant contends that County Court erred in refusing to suppress physical evidence—specifically, a handgun—that was seized from the vehicle in which he was a passenger because the police unlawfully pursued him after he fled the vehicle and because his flight was the result of unlawful police conduct. We reject that contention.
The police officers' initial approach in this case was precipitated by complaints received that day of a man threatening another person with a handgun. Responding to the area where the suspect was believed to be, officers observed a man whose clothing and appearance matched the description provided by the complainant. The man was standing directly outside of a parked vehicle containing defendant and another man. Based on the description of the suspect involved in the handgun incident, officers were justified in approaching the man who was standing outside the vehicle (see generally People v Drake, 93 AD3d 1158, 1159 [4th Dept 2012], lv denied 19 NY3d 1102 [2012]). At that point, defendant exited the vehicle and fled. Even assuming, arguendo, that defendant was illegally pursued and detained after he fled, we conclude that his "entirely unprovoked flight, leaving the vehicle . . . , constituted an abandonment of the . . . [handgun] found in the . . . car and undermined any claim to a reasonable expectation of privacy he might otherwise have had" (People v Layou, 159 AD3d 1413, 1414 [4th Dept 2018], lv denied 31 NY3d 1084 [2018], reconsideration denied 32 NY3d 939 [2018] [internal quotation marks omitted]; see People v Barker, 113 AD3d 1111, 1111 [4th Dept 2014]; People v White, 40 AD3d 535, 536 [1st Dept 2007], lv denied 9 NY3d 883 [2007]). Moreover, the handgun, which one officer testified was in plain view on the floor of the vehicle, was "not obtained by exploitation of the allegedly illegal detention" but was instead "derived from a source independent of the detention and . . . attenuated from any illegal activity" (Layou, 159 AD3d at 1414 [internal quotation marks omitted]; see People v Washington, 37 AD3d 1131, 1132 [4th Dept 2007], lv denied 8 NY3d 992 [2007]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court