OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
As a result of information obtained from the Suffolk County authorities, the police in Bronx County were able to connect defendant to a robbery that had occurred there three months earlier. His photograph was procured from the Bureau of Criminal Identification and he was later identified by both victims from a photographic array. Pursuant to an arrest warrant issued by the Bronx Criminal Court, New York City police officers arrested defendant, who was being held in Suffolk County on charges of unlawful possession of a weapon. Defendant was then identified by one of the robbery victims in a pretrial lineup. Subsequently, the Appellate Division, on review of defendant’s conviction on the Suffolk County charges, found that defendant had been unlawfully arrested in Suffolk County, and the weapons seized were ordered suppressed (People v La Borde, 66 AD2d 803). We reject defendant’s argument that because of that unlawful arrest, both the pretrial lineup identification and the in-court identification of him by the victims must be suppressed as the fruits of the unlawful arrest.
As to the in-court identification of defendant, it is settled that such an identification will not be precluded by the fact of an antecedent unlawful seizure, so long as the in-court identification proceeds from an independent recollection (United States v Crews, 445 US 463). Believing, as we do, that the ability of the robbery victims to identify *974 defendant is not tainted by the unlawful seizure by the Suffolk County police, there is no warrant to suppress the in-court identification.
With respect to the pretrial lineup identification, we conclude that the means used to obtain this identification were “ ‘sufficiently distinguishable to be purged of the primary taint’ ” (Wong Sun v United States, 371 US 471, 488) .* In addition to the fact that only defendant’s identity was obtained as a result of the unlawful seizure, the remaining effort having been undertaken by the police in Bronx County, who had in no way participated in any claimed illegality, we emphasize that defendant, at the time of the lineup, was being held, not as the result of the unlawful seizure, but under lawful process of the criminal court. We believe that the fact of defendant’s arrest on a warrant is enough to dissipate any taint that might have flowed from the unlawful arrest (see Johnson v Louisiana, 406 US 356, 365), and thus to hold that the lineup identification need not be suppressed as a forbidden fruit of defendant’s antecedent arrest.
We need not decide whether an illegality that reveals a defendant’s existence as the suspected perpetrator of another crime can ever require suppression of evidence resulting from that information. It is sufficient to note that under the circumstances here, the challenged evidence simply was not tainted by the unlawful arrest.

 With regard to the pretrial identifications from the photographic array, the People do not argue for their admissibility. Such an identification is, of course, inadmissible as a matter of State law (People v Lindsay, 42 NY2d 9; People v Caserta, 19 NY2d 18). We note, however, that these identifications from the photographic array were not an exploitation of the antecedent illegality, as defendant’s photograph was obtained from a source independent of the unlawful arrest (see Bynum v United States, 274 F2d 767), and such identifications proceeded from thé witnesses’ independent recollections. The photographic identifications were conducted in a proper manner, and were not tainted by the unlawful arrest in Suffolk County. Thus, it cannot be said that the photographic identifications tainted the subsequent lineup identification.