OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In light of the suppression court’s determination that the Transit Authority police had reasonable suspicion to stop the defendant but lacked probable cause to detain him, we are required to decide whether subsequently secured identifications and statements must be suppressed as “fruits of the poisonous tree”. (United States v Crews, 445 US 463; Wong Sun v United States, 371 US 471.) We conclude that the “exploitation of the illegality” was sufficiently attenuated by the intervening time and investigation that suppression of the lineup identification and subsequent statements made by the defendant was not required. (Wong Sun v United States, supra.)
Even taken in the light most favorable to the defendant, it is clear that the police obtained merely his name, address and a photograph as a result of the illegal detention. When the police, acting on the basis of reasonable suspicion, stop a person, they are entitled to make reasonable inquiry as to the person’s identity. (CPL 140.50, subd 1.) Such an inquiry, in and of itself, constitutes no constitutional violation. (Terry v Ohio, 392 US 1; People v De Bour, 40 NY2d 210, 217-220.) We conclude that, on the facts of this case, the photograph, although later used in a valid photo array, but not offered in evidence, constituted nothing more than identification information.
During the intervening 10-day period between the illegal detention and the arrest, the Transit Authority police *788 continued their investigation. As part of this investigation, the defendant was asked to participate in a lineup. He was fully informed of his rights and agreed to co-operate. Thus, the facts of this case clearly indicate that any taint flowing from the initial unlawful detention was attenuated by the intervening investigation.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed in a memorandum.