■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BECCO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 23, 1982, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Balbach, J.), after a hearing, of so much of defendant's omnibus motion as sought to suppress certain evidence and the in-court identification of defendant by the complainant.

Judgment affirmed.

The defendant pleaded guilty to attempted robbery in the first degree after an unsuccessful attempt to suppress (1) a knife seized from him incident to his arrest and (2) an in-court identification of the defendant by the complainant.

On his appeal, defendant alleges that the hearing court erred in failing to suppress the knife as the product of an illegal arrest and the complainant's in-court identification of him as tainted by her suppressed pretrial identification of him at the police precinct.

We agree with the defendant's argument that the knife should have been suppressed since its seizure was the result of an unlawful arrest (*Dunaway v New York,* 442 US 200; *Wong Sun v United States,* 371 US 471). However, we cannot agree that it was error to allow the complainant to make an in-court identification of the defendant. At the suppression hearing, the complainant testified that while she was on a subway train, the defendant and two others robbed her at knifepoint. She identified the defendant as the man who held a knife against her chest and demanded money from her. The complainant was first approached as the train began to leave the 74th Street Station and the defendant remained in front of

her until he ran off with his companions when the train stopped at the 69th Street Station. Throughout this time period, she had a clear and unobstructed view of the defendant's face and her attention was concentrated upon him. Furthermore, her ability to distinguish her two viewings of defendant (on the train and at the precinct) was shown by her testimony that the defendant wore a hat during the precinct showup, which he had not worn during the robbery. Consequently, we find that the hearing court properly determined that there was a sufficient independent basis for the complainant's in-court identification of the defendant, which was untainted by the improper pretrial identification procedure (*People v Pleasant*, 54 NY2d 972, *cert denied* 455 US 924).

Under the circumstances herein, we would have reversed the judgment, vacated the plea and remitted the matter for further proceedings in light of the hearing court's failure to suppress the knife (*see, e.g., People v Grant*, 45 NY2d 366). However, on oral argument, the defendant's appellate counsel requested that her client's conviction be affirmed unless this court found that both the knife and the complainant's in-court identification of defendant should have been suppressed. Counsel further represented to this court that she had discussed this request with her client and had his written authorization to make this request. Therefore, since suppression of the complainant's in-court identification testimony was properly denied, the judgment is affirmed, in accordance with defendant's request. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.