■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE THOMAS, Also Known as FREDERICK THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered April 21, 1983, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that his guilt was not proven beyond a reasonable doubt. One of the defendant's fingerprints was found on the inside of a drawer plate which was forced off a cash register by one of the participants during the robbery. In view of the defendant's admission that although he frequented the grocery store which was robbed, he had not touched the inside of the cash register, the fingerprint evidence clearly linked him to the crime.

The defendant was also implicated as a participant in the crime by the testimony of a witness who was serving a prison sentence at the time of trial, and is alleged by the defendant to have struck a deal with the prosecutor in exchange for his testimony. This witness saw the defendant and another counting money and talking about the crime. The credibility problems of this witness were highlighted for the jury during defense counsel's cross-examination and in his summation. Credibility of witnesses is a factual matter reserved primarily for the jury, and appellate courts are resistant to second-guessing the jury's determination of this issue (see, People v Di Girolamo, 108 AD2d 755; People v Maldonado, 123 AD2d 788).

The defendant's contention that the prosecutor improperly cross-examined his alibi witnesses as to their failure to come forward to the police or District Attorney with their exculpatory information has not been preserved for our review (see, People v De Vito, 48 NY2d 952; People v Campbell, 123 AD2d 437). In any event, during its charge the court instructed the jury that they were to disregard this line of questioning. We have considered the defendant's other contentions and find them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.