■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered April 11, 1984, convicting him of robbery in the first degree (two counts) and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Our review of the record reveals that there was no probable cause for the June 8, 1983, arrest of the defendant. Although a police officer is normally entitled to act on the strength of a radio transmission, the presumption of probable cause in the instant case was rebutted by the evidence adduced at the suppression hearing *(see, People v Lypka,* 36 NY2d 210, 213-214). The record indicates that the arresting officer acted upon a radio transmission which was based solely upon a telephone call to the police from an identified individual who described the defendant as the person who had shot his brother. The record further indicates, however, that that individual was not an eyewitness to the shooting and had obtained his information from an anonymous caller.

Nevertheless, no fruits of that unlawful arrest were admitted in evidence at the defendant's trial. The record indicates that a statement given by the defendant in the police station subsequent to his arrest on June 8, 1983 was not admitted into evidence and therefore the defendant's contention that the statement was the fruit of the unlawful arrest is purely academic. In addition, the photograph of the defendant which was used in subsequent photographic identifications of the defendant in July 1983 was from an arrest prior to June 8, 1983. Therefore, the photographic identifications were not tainted by the unlawful arrest on June 8 *(People v Pleasant,* 54 NY2d 972, 974, *cert denied* 455 US 924). We note that the lineup identification was made subsequent to the photographic identifications and was therefore also not tainted by the arrest on June 8.

We also reject the defendant's contention that the bench conference held by the Trial Judge "to ascertain whether the [alibi] witness refrained from speaking under the advice of

defense counsel" was improper *(People v Dawson,* 50 NY2d 311, 323). We note that the defendant failed to preserve for our review his contention that the prosecutor improperly cross-examined his alibi witness as to his failure to come forward with exculpatory information *(see, People v Thomas,* 128 AD2d 743). Finally, we find that the jury was properly charged as to the witness's failure to come forward *(see, People v Dawson, supra).* Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.