THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL ALLAH, Appellant.

Although the hearing court found that the defendant's arrest was not based on probable cause and was, therefore, illegal, such a conclusion does not automatically result in suppression of any evidence obtained subsequent to the arrest. Suppression does not lie where the means used to obtain the evidence are " 'sufficiently distinguishable to be purged of the primary taint' " *(Wong Sun v United States,* 371 US 471, 488).

In this case, the defendant was identified by the complainant as her assailant from a photo array and a corporeal lineup, both conducted subsequent to his illegal arrest. While the hearing court found that the photo array was presumptively suggestive because the array had not been preserved for the court's evaluation, the hearing court properly found that the subsequent lineup identification was not tainted by the photo array or unduly suggestive, and that there was an independent basis for the complainant's identification. Further, the lineup was preceded by the defendant's identification by other complainants as the perpetrator of other robberies and a court order authorizing the lineup. Therefore, as in *People v Wilson* (57 NY2d 786, 788), "any taint flowing from the initial unlawful detention was attenuated by the intervening investigation".

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are

satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Lastly, we are not persuaded by the defendant's contention that his sentence was excessive. In view of his extensive history of violent criminal behavior, the court did not abuse its discretion in sentencing him as a persistent felony offender (CPL 400.20). Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.