■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KING, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG HARRISON, Appellant.—Judgments, Supreme Court, New York County (Jerome Hornblass, J.), both rendered June 14, 1988, convicting defendants, after a jury trial, of robbery in the second degree, for which defendant Harrison was sentenced as a second felony offender to a term of 5½ to 11 years and defendant Kings was sentenced as a second felony offender to a term of 7 to 14 years, are unanimously affirmed.

In this knifepoint jewelry store robbery by four men, responding police were provided detailed descriptions of the perpetrators and the fact that weapon was used, as well as a description and license plate number of their getaway car. The car was stopped about 10 blocks away, within an hour, on the basis of the transmitted description. Witnesses from the jewelry store were transported to the scene within a short period of time to provide a prompt on-the-scene confirmatory identification. Both of these defendants, who had been placed in police cars by this time, were identified. A search of the car on the scene turned up a razor knife in the glove compartment, and a price tag, subsequently determined to be from the jewelry store, in plain view on the floor. A later precinct search turned up a "butcher" knife in the trunk, and substantial sums of cash on the suspects' persons.

We note that this identification procedure has been accepted and is considered to be reliable *(People v Veal,* 106 AD2d 418, 419, citing *People v Logan,* 25 NY2d 184, 194, *cert denied* 396 US 1020; *People v Milza,* 140 AD2d 718). These particular showups evinced no undue suggestiveness.

The stop of the car was proper. Defendant Harrison, who was only a passenger in the car, preserved only a Federal claim, and lacks the requisite standing to challenge the search for weapons *(People v Wesley,* 73 NY2d 351, 355; *Rakas v Illinois,* 439 US 128). We note that defendant Harrison was not charged with a possessory offense, which would have invoked standing *(People v Millan,* 69 NY2d 514) to challenge the statutory presumption of possession in Penal Law § 265.15.

Defendant Harrison's challenge to the identification instruction is meritless. The instruction's phrasing is clear and unambiguous and compares favorably with that provided in 1 CJI(NY) 10.01.

Defendant King failed to preserve, as a matter of law, his challenge to the court's accomplice liability instruction (CPL 470.05 [2]). In any event, that claim is meritless.

Defendant King's challenge to the effectiveness of his trial representation cannot be resolved on the present state of the record. Defendant made no postverdict challenge which would have provided a basis to review counsel's strategy and tactics *(People v Brown,* 45 NY2d 852, 853-854). To the extent that counsel's representation can be reviewed, we conclude that defendant has not carried his burden of demonstrating that there was a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different *(People v De La Hoz,* 131 AD2d 154, 158; *People v Simpson,* 116 AD2d 65, 67; *cf., People v Benn,* 68 NY2d 941, 942). Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.