THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARISE S. LOVE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree. He contends that: (1) the suppression court should have suppressed the in-court identifications of defendant because they were tainted by an unlawful detention; (2) reversal is required because the People failed to produce *Rosario* material at the combined *Wade-Huntley* hearing; (3) because the People failed to demonstrate a chain of custody of the victim's clothing, the clothing should not have been admitted into evidence; and (4) the sentence is harsh and excessive. There is no merit to those contentions.

The photograph of defendant used in the pretrial photo array was taken prior to unlawful detention of defendant, and defendant was a suspect in the homicide prior to such detention. Under the circumstances, the photo-array identifications "were not an exploitation of the antecedent illegality, as defendant's photograph was obtained from a source independent of the unlawful arrest" *(People v Pleasant,* 54 NY2d 972, 974, n, *cert denied* 455 US 924), and the unlawful detention "yielded nothing of evidentiary value that the police did not already have in their grasp" *(United States v Crews,* 445 US 463, 475). The court properly refused to suppress the eyewitness in-court identifications.

The eyewitness who gave police a description of defendant testified at the *Wade-Huntley* hearing on behalf of defendant, and the police officer who recorded that description on a police report form did not testify at the hearing. Because neither person testified as a prosecution witness, the People were not obliged to produce that report at the hearing *(see,* CPL 240.44 [1]; *People v Lee,* 167 AD2d 354, 355, *lv denied* 77 NY2d 879).

We reject defendant's chain-of-custody contention. The victim's clothing were nonfungible articles, and the police officer's identification of them was sufficient evidence of accuracy and authenticity *(see, People v Julian,* 41 NY2d 340, 342-343; *People v Moyer,* 186 AD2d 997). The sentence imposed upon defendant was lawful and modification of that sentence is not warranted. (Appeal from Judgment of Supreme Court, Erie

County, Rossetti, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Balio, Boehm and Davis, JJ.