■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WATSON, Appellant. [606 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 26, 1991, convicting him of assault in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Marrus, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The People concede, and we agree, that the defendant's arrest for shooting three people on October 6, 1990, was made without probable cause. However, subsequent to this illegal arrest, eyewitnesses identified the defendant as the perpetrator of the crime from a photographic array. The photograph of the defendant used in the array had been acquired from the 83rd Precinct, where it was on file from a prior arrest. Following the photographic viewing, and approximately seven hours after the defendant was arrested, a corporeal lineup was conducted in which four eyewitnesses and one victim identified the defendant as the shooter.

Under these circumstances, we agree with the hearing court's conclusion that the lineup identifications were admissible because they were sufficiently attenuated from the arrest (see, People v Conyers, 68 NY2d 982). The photograph of the defendant selected from the array was already on file with the police department, and the photographic identifications therefore were not tainted by the illegal arrest (see, People v Wilson, 131 AD2d 526). Consequently, the lineup identifications, made subsequent to the photographic identifications, also were unaffected (People v Allah, 140 AD2d 613; People v Wilson, supra). Furthermore, upon a review of the record we reject the defendant's argument that the photographic array and lineup were unduly suggestive.

The defendant's remaining contentions regarding the prosecutor's summation are either unpreserved for appellate review or without merit. In any event, were we to review the unpreserved issues in the exercise of our interest of justice jurisdic-

tion, we would find that in view of the overwhelming evidence of the defendant's guilt, any error was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.