OPINION OF THE COURT
Joan O’Dwyer, J.
On September 24, 1993, the defendant was photo identified in connection with a robbery committed earlier that day. On September 30 he was arrested at home, which arrest was supported by probable cause (the photo identification) but effected in violation of the defendant’s Payton rights. The defendant was subsequently questioned and identified in a lineup. He now moves for the suppression of statements and identification testimony.
With respect to the admissibility of the defendant’s statement, the court finds that it must be suppressed on constraint of the holding in People v Harris (77 NY2d 434 [1991]). In Harris, the defendant, who had been arrested in violation of Payton v New York (445 US 573), made an inculpatory statement in his apartment and later at the precinct. This second statement was initially suppressed on Fourth Amendment grounds (72 NY2d 614 [1988]), but the United States Supreme Court reversed, holding that "the police illegality was in the entry, not the arrest [which was based on probable cause], and that exit from the apartment necessarily broke any causal connection between the wrong and the later statement” (People v Harris, supra, at 436). However, on remand to the Court of Appeals, the Court held that "although attenuation may not be necessary to deter Payton violations under Federal law or in the Nation generally, the Supreme Court’s rule is not adequate to protect New York citizens from Payton violations because of our right to counsel rule” (supra, at 439). It held that "[i]f the police had entered the apartment pursuant to a warrant, they could not have questioned the defendant in the absence of counsel” (at 440). They therefore held that "statements obtained from an accused following an arrest made in violation of Payton are not admissible under the State Constitution if they are a product of the illegality” (supra, at 440). *486 Since the Court found that the causal connection between the illegal arrest and the defendant’s statement "was not sufficiently attenuated from the Payton wrong” (supra, at 441), the statement was suppressed.
In the case at bar, the defendant’s statement was made shortly after his arrest, and in "the absence of intervening circumstances”, the court finds no attenuation between the Payton violation and his statement. Accordingly, the defendant’s statement must be suppressed.
The sole remaining issue before the court, which found the pretrial identification procedures to have been nonsuggestive, is the impact, if any, of the Payton violation on the admissibility of the complainant’s identification testimony. In making this determination, the first question is whether the holding in People v Harris (supra) applies to lineups. If it does, then the defendant’s right to counsel under the New York Constitution attached upon the illegal entry, so that any waiver of counsel at a lineup could only be made in the presence of counsel. (People v Hawkins, 55 NY2d 474 [1982], cert denied 459 US 846 [1982].) Since no counsel was present in the case at bar, the lineup could be found admissible only if it was not the "product of the illegality” (People v Harris, supra, at 440).
However, if the Harris creation of a "theoretical right to counsel construct” (supra, at 442, dissenting opn Bellacosa, J.) is limited in its application to statements made subsequent to a Payton violation and is not found to include lineups within its purview, then the case at bar must be decided as "a pure Fourth Amendment search and seizure dwelling protection case” (supra), and as such, ho attenuation would be necessary, for the Supreme Court has held that the exclusionary rule does not bar the admissibility of evidence recovered after the police exit unlawfully entered premises. (See, New York v Harris, 495 US 14 [1990].)
Support for the nonapplicability of Harris (supra) to lineup situations may be found in People v Murray (169 AD2d 843 [2d Dept 1991], lv denied 78 NY2d 1013 [1991], on reconsideration, lv denied 82 NY2d 757 [1993]). The Court in Murray held that since the police clearly possessed probable cause to arrest the defendant, any alleged Payton violation "would not require the suppression of the * * * identifications made by the victims” (supra, at 844). Although Murray was decided prior to the Court of Appeals decision in Harris, leave was reconsidered and denied subsequent to that ruling.
*487 In the opinion of the court, the Court of Appeals decision in Harris (supra) is not applicable to lineups conducted after Payton violations, so that the identification testimony need not be suppressed on Payton grounds.
The court notes that even assuming, arguendo, that Harris (supra) applies to the case at bar, thereby requiring a finding that the lineup was in some way attenuated from the illegal entry, the People have established such attenuation.
In Wong Sun v United States (371 US 471, 487 [1963]), the United States Supreme Court held that evidence need not be suppressed where the police "learned of the evidence 'from an independent source’ ”.
In People v Parris (136 AD2d 882, 883 [4th Dept 1988], lv dismissed 71 NY2d 1031 [1988]), the Court held that evidence need not be suppressed if it is "the product of a source unrelated to the defendant’s [illegal] arrest”.
In People v Hunt (155 AD2d 957, 959 [4th Dept 1989], lv denied 75 NY2d 814 [1990]), the Court held that to be the fruit of an unlawful arrest, an identification must have "flowed directly” from such arrest. (See also, People v Dodt, 61 NY2d 408 [1984].)
In People v Allah (140 AD2d 613 [2d Dept 1988], appeal denied 72 NY2d 915 [1988], cert denied 490 US 1026 [1989]), the Court held that an illegal arrest "does not automatically result in suppression of any evidence obtained subsequent to arrest”. It further held that "[suppression does not lie where the means used to obtain the evidence are ' "sufficiently distinguishable to be purged of the primary taint” ’ ” (supra). (See also, People v Ennis, 107 AD2d 707 [2d Dept 1985], which held that the lineup conducted in its case was admissible despite a Payton violation.)
In People v O’Brien (178 AD2d 617, 618 [2d Dept 1991], lv denied 79 NY2d 1005), the police had probable cause to arrest the defendant but subjected him to a Payton violation. The Court held that the lineup identifications, made subsequent to the illegal police entry into the defendant’s home but after the defendant had been identified in a photograph array, "were sufficiently attenuated” (supra) from the taint.
In People v Pleasant (54 NY2d 972, 974 [1981], cert denied 455 US 924 [1982]), the defendant’s photo was identified by the victims of a crime. The defendant was arrested and placed in a lineup. Although the defendant was later found to have been unlawfully arrested, the Court of Appeals refused to *488 suppress either the lineup or in-court identification testimony, holding that "the means used to obtain this identification were ' "sufficiently distinguishable to be purged of the primary taint” ’ ” (supra).
In People v Love (187 AD2d 1030 [4th Dept 1992], appeal denied 81 NY2d 888 [1993]), the Court noted that the photo of the defendant used in a photo array was taken prior to the defendant’s unlawful arrest and that the "defendant was a suspect in the homicide prior to such detention”. It held, citing Pleasant (supra), that "[u]nder the circumstances, the photo-array identifications 'were not an exploitation of the antecedent illegality, as defendant’s photograph was obtained from a source independent of the unlawful arrest’ ” (supra). It further held that "the unlawful detention 'yielded nothing of evidentiary value that the police did not already have in their grasp’ ” (supra).
In the case at bar, the lineup identification did not stem from the illegal entry of the police into the defendant’s apartment. The police had probable cause to arrest the defendant based on a photo identification which was clearly untainted by his arrest. In the opinion of the court, the lineup "flowed directly” from the photo identification, an "independent source”, unrelated to the defendant’s illegal arrest, which was in the "grasp” of the police prior to their illegal entry into the defendant’s home, and so is "sufficiently distinguishable to be purged of the primary taint”. As the Court of Appeals held in People v Arnau (58 NY2d 27, 34 [1982], cert denied 468 US 1217 [1984]), " '[i]t is one thing to say that officers shall gain no advantage from violating the individual’s rights; it is quite another to declare that such a violation shall put him beyond the law’s reach even if his guilt can be proved by evidence that has been obtained lawfully’ ”. Here, the complainant’s ability to identify the defendant preceded the illegal detention, so that his identification of the defendant in a lineup subsequent to the Payton violation in no way stemmed from the illegality. Accordingly, the complainant’s identification testimony need not be suppressed on Payton grounds.
Based upon the foregoing, the defendant’s motion to suppress statements is granted and his motion to suppress identification testimony is denied.
[Portions of opinion omitted for purposes of publication.]