■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN MAJOR, Appellant. [627 NYS2d 414] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered October 27, 1992, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pincus, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the police unlawfully arrested him in his apartment without a warrant in violation of the decision of the Supreme Court of the United States in *Payton v New York* (445 US 573), and that this violation required the suppression of the subsequent lineup and in-court identifications of him by the complainants. The hearing court determined that no *Payton* violation occurred because the police officers' entry into the defendant's apartment was consensual. We decline to disturb that determination as it is supported by the record *(see, People v Prochilo,* 41 NY2d 759; *see also, People v Leidinger,* 196 AD2d 688; *People v Riley,* 95 AD2d 926).

Even assuming that a *Payton* violation occurred, the lineup identifications were admissible because they were sufficiently attenuated from the arrest *(see, People v Conyers,* 68 NY2d 982; *People v Rogers,* 52 NY2d 527, *cert denied* 454 US 898). The police initially arrested the defendant's accomplice who identified the defendant from a book of photographs and implicated him in the robbery. Based on the information provided by the accomplice, a photographic array was presented to the two complainants and they identified the defendant. The defendant was subsequently arrested and the complainants identified him in a lineup several hours later. The lineup identifications therefore were not the product of the allegedly illegal arrest *(see, e.g., People v Watson,* 200 AD2d 643; *People v O'Brien,* 178 AD2d 617; *People v Wilson,* 131 AD2d 526).

Moreover, the alleged *Payton* violation would not preclude the in-court identifications of the defendant by the complainants as the record supports the hearing court's determination that the identifications were based on the independent recollections of the complainants *(see, People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *United States v Crews,* 445 US 463).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.