■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUEVILL WHITE, Appellant. [648 NYS2d 639] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Ferdinand, J.), both rendered March 9, 1994, convicting him of attempted robbery in the first degree under Indictment No. 9880/92, and attempted robbery in the first degree under Indictment No. 574/93, upon his pleas of guilty, and imposing sentences. The appeal from the judgment under

Indictment No. 574/93 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, statements made to the police, and identification testimony.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that the hearing court erred in denying his suppression motion under Indictment No. 574/93 because his arrest was not supported by probable cause. Based on the People's concession in their letter dated September 5, 1996, that the arrest of the defendant and his codefendant was based solely on the codefendant's car having been parked next to the subway station where the robbery occurred "for a long period of time before the robbery", we conclude the arrest of the defendant was without probable cause. However, since he was a mere passenger in the vehicle, he lacked standing to challenge the seizure of a knapsack from that vehicle (see, People v Ponder, 54 NY2d 160; People v Brown, 190 AD2d 1003; People v King, 159 AD2d 306).

Furthermore, we find that the subsequent lineup identification of the defendant and his statements to the police were sufficiently attenuated from the arrest (see, People v Conyers, 68 NY2d 982; People v Wilson, 57 NY2d 786; People v Watson, 200 AD2d 643). Subsequent to the defendant's arrest but prior to the lineup, the defendant's codefendant implicated him in the robbery. Also prior to the lineup, a victim of the robbery identified a blue fishing hat which a detective had observed in the codefendant's car parked at the scene of the robbery, and recovered from the vicinity of the station after the robbery, as a hat worn by one of the robbers, and both victims identified the knapsack recovered from the car as a bag held by one of the culprits. Accordingly, there was sufficient evidence independent of the defendant's illegal arrest, without exploiting the illegality of that arrest, to justify placing the defendant in a lineup (see, People v Conyers, supra; People v Wilson, supra; People v Watson, supra). Only after he was identified did he make the challenged statements to the police.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.