■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THIGPEN, Appellant. [651 NYS2d 566] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered April 25, 1994, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

As we held with respect to the codefendant Truevill White, there was no probable cause for the arrest of the defendant

(*see, People v White,* 232 AD2d 437). However, we find that the defendant's inculpatory statement was properly admitted. Any taint arising from the improper arrest of the defendant at 1:10 A.M. was attenuated by the time the defendant made his inculpatory statements at 5:30 P.M. *Miranda* warnings were first administered at 3:30 A.M., and after agreeing to waive his rights, the defendant made an exculpatory statement implicating White in the robbery. At approximately 5:30 A.M., both victims of a robbery at a subway station identified a blue fishing hat which a detective had observed in the defendant's car parked at the scene of the robbery, and recovered from the vicinity of the station after the robbery, as a hat worn by one of the robbers. In addition, one of the victims identified White at a lineup. At approximately 10:00 A.M. White implicated the codefendant Sharife Pettway and an individual identified as "C" in the robbery. When the police brought Pettway to the stationhouse, Pettway immediately implicated the defendant in the robbery. At approximately 3:10 P.M., White again implicated the defendant in the robbery. It was not until approximately 5:30 P.M. that the defendant admitted that he had driven White and Pettway to the station to commit the robbery. By this point, more than 16 hours had passed since the arrest. These intervening circumstances were sufficient to attenuate the defendant's inculpatory statements from any taint (*see, People v Conyers,* 68 NY2d 982, 983; *see also, People v White, supra; People v Watson,* 200 AD2d 643).

We find, however, that the hearing court erroneously denied that branch of the defendant's omnibus motion which was to suppress the black backpack that both victims claimed had been worn by White during the commission of the robbery, as it was obtained via a search of the defendant's automobile incident to the illegal arrest. Nevertheless, under the circumstances of this case, the error was harmless beyond a reasonable doubt based upon the overwhelming evidence of guilt properly admitted at trial (*see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are without merit. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.