■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM HICHEZ, Appellant. [659 NYS2d 488] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered April 17, 1995, convicting him of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment for burglary in the

second degree, six years to life imprisonment for grand larceny in the third degree, and six years to life imprisonment for criminal possession of stolen property in the third degree, and a determinate term of one year imprisonment for reckless endangerment in the second degree, to run consecutively to the other terms. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement made by him to the police.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) vacating the sentences imposed upon the convictions of grand larceny in the third degree and criminal possession of stolen property in the third degree, (2) reducing the sentence imposed upon the defendant's conviction of burglary in the second degree from 25 years to life imprisonment to 15 years to life imprisonment, and (3) providing that the sentence imposed upon the convictions of reckless endangerment in the second degree and burglary in the second degree shall run concurrently with each other; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for resentencing in accordance herewith.

The defendant contends that he was unlawfully arrested in his apartment without a warrant in violation of *Payton v New York* (445 US 573), and that all evidence obtained as a result of his arrest must therefore be suppressed. However, the hearing court credited the testimony of the arresting officer and found that no *Payton* violation occurred because the police entry into the apartment was consensual. The hearing court's determination is fully supported by the record, and we decline to disturb it on appeal *(see, People v Prochilo,* 41 NY2d 759; *People v Thomas,* 223 AD2d 612; *People v Major,* 215 AD2d 779).

The defendant further contends, and the People correctly concede, that it was improper for the prosecutor to comment on the fact that the defendant stopped answering police questions once the inquiry began to focus on his involvement in the Bronxville robbery *(see, People v De George,* 73 NY2d 614). However, the court instructed the jury that the defendant could invoke his constitutional right to remain silent at any point following his arrest, and considering the curative instruction and the overwhelming evidence of the defendant's guilt, the error was harmless beyond a reasonable doubt *(see, People v Wong,* 201 AD2d 688; *People v Gluckowski,* 174 AD2d 752).

The People also correctly concede that the defendant should not have been sentenced as a persistent violent felony offender

for his convictions of grand larceny in the third degree and criminal possession of stolen property in the third degree, since these offenses are not defined as violent felonies *(see,* Penal Law § 70.08 [1] [a]; §§ 155.35, 165.50; *People v Scruggs,* 201 AD2d 514). Accordingly, we remit the matter for resentencing on those convictions.

Although the defendant was legally sentenced as a persistent violent felony offender upon his conviction of burglary in the second degree, which is a class C violent felony (Penal Law § 70.02 [1] [b]; § 140.25), we find the sentence imposed excessive to the extent indicated herein.

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.