■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIN BUSCUNANA, Appellant. [722 NYS2d 865] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered April 7, 1999, convicting defendant, after a jury trial, of two counts of burglary in the first degree, two counts of robbery in the first degree and four counts of robbery in the second degree, and sentencing him to an aggregate term of 7½ to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification.

Defendant's motion to suppress photographic and lineup identifications was properly denied. The hearing court concluded that the police officers lacked the requisite reasonable suspicion to seize defendant and suppressed the showup that followed his seizure, as well as defendant's statements, as fruit of the illegal conduct (*see, Wong Sun v United States*, 371 US 471). However, the court properly concluded that the photographic and lineup identifications, by a different witness who did not view the showup, were sufficiently attenuated from the illegal seizure where the photographic identification was conducted four days after defendant's arraignment and the court-ordered lineup was conducted months later (*see, Johnson v Louisiana*, 406 US 356, 365; *People v Wilson*, 57 NY2d 786; *People v Allah*, 140 AD2d 613, *lv denied* 72 NY2d 915, *cert denied* 490 US 1026). Moreover, the photographic identification was elicited by defendant at trial. We have considered and

rejected defendant's remaining arguments. Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.