■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT CHILCOTT, Appellant. [799 NYS2d 421]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered November 20, 2000, convicting him of assault in the second degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that he was unlawfully arrested in his apartment without a warrant in violation of *Payton v New York* (445 US 573 [1980]), requiring the suppression of his subsequent statements made to the police. The hearing court credited the testimony of the arresting officers and found that no *Payton* violation occurred because the police entry into the apartment was consensual. We decline to disturb that determination, as it is supported by the record (*see People v Hichez*, 240 AD2d 678, 679 [1997]).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the second

degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Bynum*, 70 NY2d 858 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree and unlawful imprisonment in the second degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.