■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN MONTILLA, Appellant. [829 NYS2d 506]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered August 24, 2004, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him to concurrent terms of 1 to 3 years and 1 year, respectively, unanimously affirmed.

Defendant was properly convicted of third-degree weapon possession under Penal Law § 265.02 (1), of which an essential element is that a defendant "has been previously convicted of any crime." That requirement was satisfied because defendant had pleaded guilty to a crime prior to committing the instant offense, even though he had not yet been sentenced for the prior crime. The Criminal Procedure Law expressly provides that a "conviction" occurs at the time of a plea or verdict of guilty, unlike a "judgment," which consists of a conviction and the sentence imposed thereon (CPL 1.20 [13], [14], [15]; *People v Carter*, 63 NY2d 530, 538 [1984]; *Matter of Gunning v Codd*, 49 NY2d 495, 499 [1980]). Defendant relies on sentencing provisions of the Penal Law that specify when a conviction may be used as a predicate felony, and require, among other things, that sentence on the prior conviction be imposed before commission of the present felony (Penal Law § 70.04 [1] [b] [ii]; § 70.06 [1] [b] [ii]; § 70.10 [1] [b] [ii]). This reliance is misplaced because the Penal Law never defines "conviction." Instead, the provisions upon which defendant relies are specific to determinations of predicate felony status, and impose special requirements that must be met before a prior conviction may be used to enhance a sentence. The language used in each of these Penal Law provisions implies that the class of "convictions" is broader than the defined class of "predicate felony convictions." Accordingly, it is entirely appropriate to look to the CPL for a precise definition of a "conviction."

Defendant has failed to preserve his present argument that the order of protection imposed at sentencing was improper (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), and we decline to reach it in the interest of justice. Moreover, defendant has failed to create a record adequate for review of the issue (*see People v Konieczny*, 2 NY3d 569, 573 n 1 [2004]; *People v Kinchen*, 60 NY2d 772 [1983]). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.