■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant. [843 NYS2d 561]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered May 23, 2006, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him to a term of 13 years, unanimously modified, on the law, to the extent of vacating the provision for three years' postrelease supervision and remanding for further proceedings regarding the imposition of a period of postrelease supervision, and otherwise affirmed.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). The record establishes that defendant clearly understood that he was making an unrestricted waiver.

Defendant also claims that his sentence was defective in that a provision for a period of postrelease supervision was contained in the court's commitment sheet but not in its oral pronouncement of sentence. In this case, the duration of the required period of postrelease supervision was within the court's discretion (*see* Penal Law § 70.45 [2] [f]). Although the court promised defendant a three-year period, and the court clerk included that provision on the commitment sheet, the court did not address postrelease supervision at sentencing. In these circumstan es, imposition of such a term was not ministerial. Furthermore, we conclude that imposition of a discretionary sentencing provision subsequent to the court's oral sentence is a defect that survives a waiver of the right to appeal (*compare People v Thomas*, 35 AD3d 192 [2006], *lv denied* 8 NY3d 850 [2007]).

Defendant's claim that the duration of an order of protection was incorrectly calculated is unreviewable on the present record (*see People v Montilla*, 37 AD3d 281 [2007]). Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.