■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE MAISONET, Appellant. [848 NYS2d 61]—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 22, 2005, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and sentencing him to 12 years, plus five years' postrelease supervision, unanimously affirmed.

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reducing the sentence. Defendant's arguments concerning the manner in which postrelease supervision was imposed do not warrant any remedy. The court actually addressed postrelease supervision at sentencing (*compare People v Williams*, 44 AD3d 335 [2007]), as well as during the plea proceedings and by way of the commitment sheet. Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIAM WAGUE, Appellant. [847 NYS2d 893]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered on or about March 14, 2006, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE D. VALENTINE, Also Known as GEORGE VALENTINE, Appellant. [846 NYS2d 911]—Judgment, Supreme Court, Bronx County (John Byrne, J., at plea; Seth Marvin, J., at sentence), rendered on or about June 24, 2005, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.