■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT FURET, Also Known as IRA MORSBY, Appellant. [851 NYS2d 396]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J., on CPL 190.50 motion; John Cataldo, J., at hearing, nonjury trial and sentence), rendered May 5, 2006, convicting defendant of criminal sale of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of six years, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. The court properly concluded that the fact that defendant matched the description ("male black, wearing a dark jacket, tan shirt, tan pants") of a person selling drugs, coupled with attendant circumstances, provided probable cause for his arrest. The police found defendant, late at night, in the same park where the sale had occurred a half hour earlier. As a detective approached with his shield displayed, defendant began to walk away, and when the detective identified himself, the defendant ran and discarded his jacket. This combination of factors

provided reasonable suspicion to detain defendant and, once he was identified by the officers who had observed the earlier sale transaction, probable cause to arrest (*see e.g. People v Brown*, 237 AD2d 221 [1997], *lv denied* 90 NY2d 855 [1997]).

For the reasons stated in our decision in *People v Lemos* (34 AD3d 343 [2006], *lv denied* 8 NY3d 924 [2007]), we find that defendant did not preserve his claim that the court unlawfully imposed a mandatory surcharge and fees without including them in its oral pronouncement of sentence. Were we to review the claim, we would find it without merit (*id.*). Since the imposition of the surcharge and fees was a ministerial matter containing no element of discretion (*compare People v Williams*, 44 AD3d 335 [2007]), these portions of the sentence could be imposed by way of the court's commitment sheet and worksheet, which constituted "[entries] upon the records of the court" (*Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]).

Defendant's pro se claim that he was deprived of his right to appear before the grand jury is without merit (*see People v Wiggins*, 89 NY2d 872, 873 [1996]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.