THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TOLENTINO, Also Known as JOSE R. TOLENTINO, Appellant. [873 NYS2d 602]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered September 28, 2005, convicting defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The court properly denied, without granting a hearing, defendant's motion to suppress Department of Motor Vehicles (DMV) records relating to the suspension of his driver's license. Defendant moved to suppress these records as fruits of an allegedly unlawful vehicular stop, during which the police obtained defendant's pedigree information and thereby obtained his DMV information through a computer check.

Although a defendant need not establish a privacy interest in an alleged fruit of a preexisting violation of his or her Fourth Amendment rights, we agree with those courts (*see e.g. People v Cobb*, 182 Misc 2d 808 [Crim Ct, Kings County 1997]) that have concluded that DMV records are not suppressible fruits. "The . . . identity of a defendant . . . is never itself suppressible as a fruit of an unlawful arrest" (*INS v Lopez-Mendoza*, 468 US 1032, 1039 [1984]). Thus, "there is no sanction to be applied when an illegal arrest only leads to discovery of [a person's] identity and that merely leads to the official file" (*United States v Guzman-Bruno*, 27 F3d 420, 422 [9th Cir 1994], *cert denied* 513 US 975 [1994] [internal quotation marks omitted]). Furthermore, the DMV records were compiled independently of defendant's arrest (*see People v Pleasant*, 54 NY2d 972, 973-974 [1981], *cert denied* 455 US 924 [1982]; *People v Bargas*, 101 AD2d 751, 752 [1984]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.