THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GRAY, Appellant. [938 NYS2d 633]—

As part of his pretrial omnibus motion, the defendant moved

to suppress the identification testimony of two witnesses who had separately observed and identified him in a lineup after his arrest. The defendant argues that the police lacked probable cause to arrest him, and that the identifications should have been suppressed as the fruits of an illegal arrest. We agree.

While probable cause to arrest does not require the same quantum of proof necessary to support a conviction (*see People v Bigelow*, 66 NY2d 417, 423 [1985]), "it does require the existence of facts and circumstances which, viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed, and that the defendant committed or is committing that offense" (*People v Bradshaw*, 76 AD3d 566, 570 [2010], *affd* 18 NY3d 257 [2011]; *see People v Bigelow*, 66 NY2d at 423; *People v Martinez*, 17 AD3d 606, 606 [2005]; *People v Wright*, 8 AD3d 304, 306-307 [2004]).

At the suppression hearing, Deputy Inspector John Corbisiero of the New York City Police Department testified that he received a radio call seeking assistance at the scene of a shooting. The dispatch did not contain a description of the suspect. Less than one minute after the call, Corbisiero observed the defendant running from the direction of the reported site of the shooting. Corbisiero identified himself as a police officer and asked the defendant what had happened. The defendant stopped briefly and told Corbisiero that someone had been shot. He then started running again despite Corbisiero's order to stop, and Corbisiero saw him discard his jacket. Corbisiero proceeded to drive alongside the defendant and, upon Corbisiero's request, the defendant showed him his hands, which were empty. The defendant was subsequently arrested and transported to the precinct, where he was identified in separate lineups by two witnesses.

Although there was reasonable suspicion to pursue and stop the defendant (*see People v Wells*, 14 AD3d 320, 322 [2005], *affd* 7 NY3d 51 [2006]), the People failed to establish that reasonable suspicion ripened into probable cause to place the defendant under arrest (*cf. People v Furet*, 47 AD3d 430, 430-431 [2008], *affd* 12 NY3d 740 [2009]; *People v Taylor*, 276 AD2d 504 [2000]). Since the defendant's arrest was not supported by probable cause, the two lineup identifications which were the fruit of the illegal arrest must be suppressed (*see People v Jones*, 2 NY3d 235, 243 [2004]; *People v Dodt*, 61 NY2d 408, 417 [1984]; *People v Sanchez*, 276 AD2d 723, 724 [2000]). Contrary to the Supreme Court's determination, the evidence at the suppression hearing did not establish that the causal connection be-

tween the illegal arrest and the lineup identifications was sufficiently attenuated to purge the taint of the illegal arrest (*see People v Gethers*, 86 NY2d 159, 161-162 [1995]; *cf. People v Breazil*, 52 AD3d 523, 524 [2008]; *People v White*, 232 AD2d 437, 438 [1996]). Further, since the evidence of the defendant's guilt without the erroneously admitted testimony was not overwhelming, the error cannot be deemed harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Accordingly, the defendant is entitled to a new trial, to be preceded by a hearing to determine whether an independent source exists to support the in-court identifications of the defendant by the two witnesses who made the lineup identifications (*see People v Gethers*, 86 NY2d at 161-163; *People v Dodt*, 61 NY2d at 417; *People v Kennedy*, 282 AD2d 759, 760 [2001]; *People v Brown*, 256 AD2d 414, 416 [1998]).

The defendant's remaining contentions have been rendered academic in light of the foregoing. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.