People v Knight (2025 NY Slip Op 04736)

People v Knight

2025 NY Slip Op 04736

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04751
2023-06899
 (Ind. No. 72971/22)

[*1]The People of the State of New York, appellant,
v
Nylique Knight, respondent.

Melinda Katz, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Gianna Gambino on the brief), for appellant.
Patricia Pazner, New York, NY (Hannah Kon of counsel), for respondent.

DECISION & ORDER
Appeal by the People from (1) an order of the Supreme Court, Queens County (David J. Kirschner, J.), dated April 18, 2023, and (2) an order of the same court dated June 22, 2023. The order dated April 18, 2023, granted, after a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence. The order dated June 22, 2023, insofar as appealed from, upon reargument, adhered to the original determination in the order dated April 18, 2023.
ORDERED that the appeal from the order dated April 18, 2023, is dismissed, as that order was superseded by the order dated June 22, 2023, made upon reargument; and it is further,
ORDERED that the order dated June 22, 2023, is reversed insofar as appealed from, on the law, and, upon reargument, the order dated April 18, 2023, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
The defendant was indicted for criminal possession of a weapon in the second degree, among other crimes, and moved, inter alia, to suppress certain physical evidence. Following a suppression hearing, in an order dated April 18, 2023, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress a gun found in a car in which the defendant was a passenger. The People subsequently moved for leave to reargue and, in an order dated June 22, 2023, the court, among other things, upon reargument, adhered to the original determination in the order dated April 18, 2023. The People appeal.
Upon reargument, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to suppress the gun. A vehicle passenger with no ownership or possessory interest in the vehicle does not have a legitimate expectation of privacy in its interior (see People v Bell, 9 AD3d 492, 494-495). As a result, a passenger in a car who is not charged with possession of a weapon or drugs under a statutory presumption (see Penal Law § 265.15[3]; People v Millan, 69 NY2d 514, 516-519) has no standing to challenge the search of the vehicle once it has been lawfully stopped (see People v Bell, 9 AD3d at 495; People v Desir, 285 AD2d 655). Here, the People did not rely on the statutory presumption of possession but instead relied on the direct [*2]observations of a police detective. Specifically, the police detective testified at the suppression hearing that, during the initial stop of the vehicle in which the defendant was a passenger, the detective observed the defendant reach between his legs and place something under his seat. After the defendant had been removed from the vehicle, the detective looked through the windshield and saw, underneath the front passenger seat in the area where he had seen the defendant place something, the front of the barrel of a gun in plain view. Because the People relied on that testimony rather than any statutory presumption to establish possession of the gun, the defendant did not have standing to challenge the search of the vehicle in which he was a passenger and had no ownership interest (see People v Bell, 9 AD3d at 495; People v Desir, 285 AD2d at 655). Moreover, the defendant does not challenge the legality of the vehicular stop, which, in any event, was found by the court to have been lawful—a determination that may not be reviewed on this appeal (see CPL 470.15[1]; People v LaFontaine, 92 NY2d 470, 474; People v Thomas, 167 AD3d 1050, 1051). Accordingly, the defendant failed to establish his standing to challenge the search of the vehicle and the seizure of the gun (see People v Phillips, 260 AD2d 582, 583; People v White, 232 AD2d 437).
The defendant's constitutional claim pursuant to the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is unpreserved for appellate review, since he did not raise such a claim before the Supreme Court (see People v Cabrera, 41 NY3d 35, 41-51; People v Escalona, 237 AD3d 968). In any event, the Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d 683, 686).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court